## PILES V. HUGHES.

1. DECLARATIONS: RES GESTÆ.   Action to recover damages alleged to
   have been sustained on account of the unskillful and negligent manner
   in which the defendant, as a surgeon, treated a fractured leg of the
   plaintiff, whereby the same was shortened.  It was held that the de-
   clarations of the defendant, made in the presence of the plaintiff, when
   the limb was measured at the time the plaintiff was discharged from
   treatment, were admissible in evidence as a part of the *res gestæ*, and
   as verbal declarations made in the presence of and acquiesced in by
   the plaintiff.
2. SAME.  Such evidence should be received and considered with great
   caution, when it is shown that the party to whom the declarations
   were addressed had no means of ascertaining their truth.
3. PRESUMPTIONS.  The presumptions in the Supreme Court are in favor
   of the ruling in the court below.
4. MAL-PRACTICE.  The fact that a broken limb is shorter after the pa-
   tient has recovered is not *prima facie* evidence of negligence or un-
   skillfulness by the surgeon in the treatment of the same.

### *Appeal from Lee District Court.*

### SATURDAY, OCTOBER 6.

THE plaintiff brought his action to recover damages, which
he claimed to have sustained on account of the unskillful
and negligent treatment of a fractured leg, by defendant, as a
physician and surgeon.   Judgment for the defendant in the
District Court, from which the plaintiff appeals.  The errors
assigned relate to the admissibility of certain evidence, and
the giving and refusing certain instructions to the jury, in
the trial below.

*Clagett, Brown & Clagett* for appellant.

*Rankin & Miller* for appellee.

BALDWIN, J.—The first error assigned relates to the ruling
of the court, in admitting the testimony of Kendall, intro-
duced by the defendant.

The plaintiff having introduced certain evidence tending
to prove that his limb was shortened while under the treat-

ment of defendant, as a surgeon, and that when defendant discharged the plaintiff from treatment, the fractured limb was shorter than the other—the defendant's counsel asked the witness, Kendall, if he was present when the defendant discharged the plaintiff from further treatment; and whether he saw the measurement of plaintiff's limb by defendant, and what was said about it at that time. To which question the plaintiff objected, which objection was overruled; and the witness testified that the defendant, Hughes, after measuring said limb, said it was all right; that such measurement was made by defendant with a tape line; that the conversation had at the time of the measurement was in the presence of plaintiff, who made no objection to the statement of Hughes, that it was all right.

It is claimed by the appellant that the court should not have permitted the declarations of the defendant to go to the jury; that a party could thus manufacture testimony sufficient to defeat a recovery in any cause, however just his claim for damages. On the contrary the defendant claims that it was properly admitted as part of the *res gestæ*, and as verbal statements made in the presence of, and acquiesed in by the opposite party.

"The surrounding circumstances constituting parts of the *res gestæ* may always be shown to the jury along with the principal fact; and their admissibility is determined by the judge according to the degree of their relation to that fact, and in the exercise of his sound discretion; it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description. The principal points of attention are, whether the circumstances and declarations offered in proof were cotemporaneous with the main fact under consideration, and whether they were so connected as to illustrate its character." 1 Greenleaf, section 108.

"Declarations, to become part of the *res gestæ* must have been made at the time the act was done which they are supposed to characterize; and have been well calculated to unfold the nature and quality of the facts they were intended to explain,

and so to harmonize with them as obviously to constitute one transaction." 3 Conn. 249; 9 Paige 611; 13 Met. 237.

Under the rule as given by Mr. Greenleaf, the admissibility of such declarations is to be determined by the judge, in the exercise of his sound discretion. The plaintiff had placed himself under the care of defendant as his physician, and had so far recovered that his services were no longer required. An examination and measurement of the fractured limb was made; for what purpose does not appear, perhaps at the request of plaintiff, it may have been, at the suggestion of defendant. These were the surrounding circumstances. The result of such measurement was a legitimate subject of evidence; if it had been declared by the plaintiff, there would have been no question about admissibility. The treatment and the result of such treatment as thus ascertained by the measurement, and the declaration of the defendant in connection therewith, in the presence of the plaintiff, with all the surrounding circumstances, we think were properly admitted.

It has been held that in an action by a bailor against a bailee for loss by his negligence, the declarations of the bailee, cotemporaneous with the loss are admissible in his favor to show the nature of the loss. Story on Bailments, 339. It is however considered by the court that this declaration of defendant was clearly admissible as having been made in the presence of plaintiff, and as having been acquiesed in by him.

We admit the correctness of the rule, that admissions inferred from an acquiescence in the verbal statement of others is evidence of a dangerous character, and should be received with great caution; and that the silence of the party, even when the declarations are addressed to himself, is worth very little as evidence, where he has no means of knowing the truth or falsehood of such statement.

If the whole of the evidence that was produced upon the trial was before this court, it might present such a case as would show that such admission should not have been regarded as evidence against the plaintiff. But the evidence may

have presented such a state of facts as justified the court in ruling as it did. If the plaintiff had so far recovered when such measurement was made by defendant that it was within his power to have observed it, and have ascertained, as well as the defendant, whether such declaration was false or true, his acquiesence is certainly strong presumptive evidence that the declarations of defendant were true. The evidence showing the condition of plaintiff at such time is not before us. It must be presumed that the court below ruled correctly until the contrary appears.

The second error assigned is, that the court refused to instruct the jury that if defendant held himself out to the world as a physician or surgeon of extraordinary skill, that defendant should have exercised more than ordinary skill in the treatment of plaintiff's case. It does not appear that the defendant ever held himself out as a physician of extraordinary skill, and if there was no evidence on this point the instruction was properly refused.

The third error assigned is, that the court erred in refusing to instruct the jury, " that if they found that the shortening of a limb is not the ordinary result in fractures of this kind, then if the jury find the limb was in fact shortened, when the plaintiff followed the directions of defendant, such fact of shortening, unaccounted for and unexplained, makes out a *prima facie* case of want of ordinary skill or care in the treatment of the case." The court gave such instructions, by striking out all after the words, " unaccounted for," and inserting, "is proper to be considered by the jury," and gave the same as thus modified. If the court had instructed the jury as asked by the plaintiff, it would have substantially directed the jury that in every case of fracture of this character, if the limb when well is shorter thereby, it is *prima facie* evidence of want of skill in the surgeon who attended the same. We should not regard this as a correct rule of law, and applicable to all character of cases. It depends to a great extent upon the age and health of the person, and the character and extent of the injury, and the care and at-

Piles v. Hughes.

tention the patient takes of himself, whether such fractures are cured without lameness, even when the surgeon bestows the greatest skill and his greatest care. The instruction, with the modification made by the court, presented the law fairly to the jury; so far at least as we are able to determine in the absence of the testimony produced upon the trial.

Judgment affirmed.