FRANK W. BERG, Appellant, v. H. C. WILLETT, Appellee.

No. 40322.

NOVEMBER 11, 1930.

REHEARING DENIED JUNE 23, 1931.

Francis J. Kuble, and Vernon W. Lynch, for appellant.

H. B. White, and Dutcher, Walker & Ries, for appellee.

STEVENS, J.—Commencing January 11, 1926, the appellant received X-ray treatments from appellee, a physician, for the cure of ringworm on his left hand. The treatments continued over a considerable period, the last one being administered about

the middle of June, 1928. It is claimed by appellant that a severe burn was caused by the treatments and that same has resulted in permanent injury to, and impairment of the use of, his hand.

The propositions relied upon by appellant for reversal are based upon the alleged erroneous ruling of the court sustaining the motion of appellee to direct a verdict in his behalf. The petition charged negligence generally and was obviously framed for the purpose of invoking the *res ipsa loquitur* doctrine.

The facts, as claimed by appellant, are that he received, in the aggregate, sixty X-ray treatments; that in June, 1928, more than two years after the treatments began, he discovered something unusual in the appearance and condition of his hand; that he thereupon called upon appellee, who, upon examination thereof, said to appellant: "I am sorry, Frank, but I have burned you;" that for the first two or three months, the treatments were administered twice a week and thereafter at considerably shorter and irregular intervals. Appellant also testified that he again called to see appellee in September, 1928, and that appellee then told him that he would treat the burn for nothing. Appellee, however, consulted another physician who, at the time of the trial, was administering violet ray treatment to the injury and that these treatments had continued for some time.

A jury might have found from the evidence that a burn resulted from the X-ray treatments administered by appellee; that appellant suffered much pain and embarrassment because of the condition of his hand and that the injuries, which are apparently severe, may be permanent and may result in much more serious consequences than are now present.

Two major propositions are discussed by counsel: one, whether the doctrine of *res ipsa loquitur* should be applied to the facts of this case; and the other whether the injury suffered by appellant was the result of negligence and unskillfulness on the part of appellee in the treatment of the disease. There is general disagreement among the courts in the various jurisdictions of this country as to whether the *res ipsa loquitur* doctrine may ever be applied where the controversy is between a patient and his physician. Whatever rule has been or may be adopted in this state, it is, we think, immaterial in the present instance. The record is barren of any expert or other testimony that could

support the application of the rule to the present facts. Rulison v. Victor X-ray Corp., 207 Iowa 895.

The case was tried below by appellant upon the theory that appellee was negligent and unskillful in the treatment of the disease; that he administered treatments too frequently and over so long a period as that an overdosage of the X-rays was received, resulting in the burn complained of. The expert testimony on behalf of both parties was directed largely to this ground of negligence.

The evidence shows that appellee is a physician of many years' experience, both in the general practice and in the treatment of disease by the use of the X-ray. As stated, the burn upon the left hand of appellant was not discovered for nearly two years after the first treatment was received. Appellee administered an X-ray treatment thereto at the time of the visit of appellant to his office in June when the matter of the burn was first discussed between them.

The evidence shows that some individuals possess idiosyncrasies which make them peculiarly susceptible to the X-ray, and perhaps it is not inaccurate to say that the X-ray machine itself also apparently possesses idiosyncrasies which are occasionally manifested by undesirable results, even when the greatest care and skill are employed in the use thereof. The expert witnesses called to testify in this case agree that the presence of such idiosyncrasy in the individual which renders him peculiarly sensitive to X-rays can only be determined by the administration of a treatment and that great care should be used in applying the test treatment. The jury may well have found from the evidence in this case that appellant possessed no idiosyncrasy. The case must turn, as we view the record, upon whether the jury might have found therefrom that the injuries complained of were the proximate result of negligence or unskillfulness on the part of appellee in the administration of the treatments in question.

It is quite vigorously contended by appellee that the unfortunate result from the treatments is not, in itself, evidence of negligence or the want of skill on his part. This is the general rule applied in many cases in this state. Bowman v. Woods, 1 G. Greene (Iowa) 441; Almond v. Nugent, 34 Iowa 300; Smothers v. Hanks, 34 Iowa 286; Peck v. Hutchinson, 88 Iowa 320; Whitesell v. Hill, 101 Iowa 629; Dunbauld v. Thompson, 109 Iowa

199; Decatur v. Simpson, 115 Iowa 348; Tomer v. Aiken, 126 Iowa 114; Baker v. Langan, 165 Lowa 346; Van Sickle v. Doolittle, 173 Iowa 727; O'Grady v. Cadwallader, 183 Iowa 178; Furgason v. Bellaire, 197 Iowa 277; Flanagan v. Smith, 197 Iowa 273; Ewing v. Goode, 78 Fed. 442.

As the view we take of the case eliminates the question of *res ipsa loquitur*, we express no opinion as to its application in other cases.

The burden in this case was upon appellant to make out a case of negligence or unskillfulness by the preponderance or greater weight of the evidence. The physician does not, in accepting employment, impliedly guarantee a cure in any case or of any disease. He is bound only to employ that degree of skill ordinarily possessed. by practitioners generally under like circumstances in the locality in which he practices his profession. It is, however, one thing to say that an adverse result is not, in itself, evidence of negligence or want of skill on the part of a physician, and another to combine the result with other facts and circumstances in determining the fact question. We think it is and must be the rule that while the result alone is not, in itself, evidence of negligence, yet same may, nevertheless, be considered, together with other facts and circumstances disclosed by the evidence in a given case in determining whether or not such a result is attributable to negligence or want of skill.

We said in Shockley v. Tucker, 127 Iowa 456, that:

"We think the fact that plaintiff was severely burned is some evidence in itself that the treatment was improper, and it cannot be said that the verdict lacks support in this respect in the evidence."

See, also, Rulison v. Victor X-ray Corp., supra. This is the rule announced in a few other jurisdictions. Sweeney v. Erving, 35 App. D. C. 57 (43 L. R. A. [N. S.] 734); Antowill v. Friedmann, 197 App. Div. 230 (188 N. Y. Supp. 777); Lett v. Smith, 6 La. App. 248, 249.

It is admitted by all of the expert witnesses who testified in this case that the condition of appellant's hand would not ordinarily at least follow the skillful and careful application of X-ray treatments thereto. No witness testified that this is absolutely and necessarily true. The agreement between them is

general that such result would not be expected to follow and ordinarily would not do so.

It was well said by Judge Taft, when circuit judge in Ohio, in Ewing v. Goode, 78 Fed. 442, that:

"* * * when the burden of proof is on the plaintiff to show that the injury was negligently caused by defendant, it is not enough to show the injury, together with the expert opinion that it might have occurred from negligence and many other causes. Such evidence has no tendency to show that negligence did cause the injury. When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither."

Appellee denied that he gave appellant sixty treatments, supporting his testimony by the record and books of account kept in his office. Some treatments, as we understand the record, were applied to the right hand. According to the testimony of appellee, but nineteen treatments in all were administered. The books of appellee showed that appellant paid him $83.00, and not over $200.00, as claimed by appellant. The evidence was ample to show that a patient may become susceptible to X-rays, if the treatments are administered too frequently and over too long a period of time resulting in an overdosage thereof. In such case, the condition of which appellant complains may follow. Omitting all reference to the technical medical terms found in considerable number in the record and without reviewing the evidence in detail, we think the jury might have found therefrom that appellee was negligent in applying X-rays to appellant's hand too frequently and perhaps over too long a period of time, thereby resulting in what is known as a cumulative dose or an overdosage. There is no evidence that the X-ray machine was negligently manipulated or that any particular application was in itself harmful. The case rests upon the claim of appellant that there was overdosage. No other theory accounting for the result is advanced by the experts, except the possibility that a burn may be attributable to some cause which could not have been known or anticipated in advance by the appellee. There can be no question, under the evidence in this case, that adverse results sometimes follow the administration of X-rays, notwithstanding the operator may have exercised a high degree of skill and care in

administering the treatments. In determining the course to be pursued, all agree that much must necessarily be left to the judgment of the physician.

The close and difficult question in this case is, therefore, whether the evidence of the expert witnesses presents facts upon which the jury could have based a verdict in favor of appellant for some amount in damage. No doubt, the record leaves some room for speculation on the part of the jury. It seems to us, however, that a proper analysis of the record as a whole affords sufficient facts for the jury, without undue or unnecessary speculation, to have found that appellee was guilty of negligence and unskillfulness proximately resulting in the injury complained of. The burden imposed upon appellant was not to produce evidence of such a conclusive character as to exclude every other possible hypothesis than that appellee was negligent or unskillful in the treatment of the disease. The record in this case on the part of appellant does not present one hypothesis on which appellee was not negligent and another on which he was. In other words, the testimony in his behalf does not prove two equally probable theories.

We reach the conclusion that appellant made out a prima facie case of negligence or unskillfulness on the part of appellee in the treatments administered and that this issue should have been submitted to the jury. The judgment is reversed.—Reversed.

MORLING, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.