MARIE GEBHARDT, Appellee, v. DR. C. W. McQUILLEN, Appellant.

No. 45549.

APRIL 8, 1941.

Larson & Carr and Senneff & Senneff, for appellant.

W. G. Henke and R. W. Zastrow, for appellee.

HALE, C. J.—This is an appeal from ruling on defendant's demurrer, motion to strike, and motions for more specific statement.

The action was begun by plaintiff for alleged malpractice, and the petition therefor is in two counts. The first count alleges the fact of injury to plaintiff's right leg and hip, the employment of the defendant, and his careless and negligent treatment, setting out various particulars wherein defendant failed in his duty. This count was assailed by a motion for more specific statement, which motion was sustained except as to one ground:

"That the defendant failed and neglected to place said fractured bone or bones into their natural position and condition." The motion asking for more specific statement as to this specification was: "a. To so plead that the defendant may know whether plaintiff claims he did not attempt to put the bones in their natural position or, b. Whether he did make the attempt and failed to get them in their natural position, as from the specification it is wholly impossible for the defendant to know what the claim of the plaintiff is in such respect." To comply with the ruling of the court sustaining the motion as to other grounds of count No. 1, plaintiff filed an amendment to the petition, setting out with particularity the matters asked for in that part of the motion sustained. The only claim of error as to count No. 1, therefore, is the failure to require more specific statement of the ground above set out.

I. This motion, asking that plaintiff more specifically state the allegation of negligence therein is, we think, not well taken. The allegation is as to the fact, and we think it sufficient to call attention to it, and it is in general explained by other allegations in the amendment to the petition. That he "failed and neglected" is alleged. Such failure and neglect, taken in connection with the other allegations, we hold is sufficient on which to introduce testimony of negligence in that respect.

II. The second count of the petition alleges the fact of injury, and that plaintiff did not know the nature or extent of her injuries; the employment of defendant as physician and surgeon; acceptance by him of such employment and his undertaking to heal plaintiff's injuries, and to do such other things in the treatment thereof as professional skill and care would require. The petition then recites: "Yet said defendant, not regarding his duties in the premises, so carelessly, negligently and unskillfully treated plaintiff's said injuries, that by reason thereof plaintiff, to a large extent, has lost the use of her right limb and hip without any fault or negligence on her part; that said right hip and limb have thereby suffered injuries which are permanent in character; that by reason thereof her right limb became shortened and plaintiff has suffered and will continue to suffer great pain; * * *." The petition sets out the

amount of damage claimed, and recites: "Further, that the management and control of plaintiff's injuries and the medical and surgical attention given the same were exclusively vested in the defendant and that defendant at all time was possessed of superior knowledge and superior means of information pertaining thereto."

Count No. 2, above quoted, was assailed by demurrer and by motion to strike for the same reasons as are set out in the demurrer, and by motion, in the alternative, for more specific statement, all of which were overruled. Defendant did not elect to stand on the ruling on the demurrer and the motion to strike was exactly the same as the demurrer; hence no further consideration need be given to these.

The alternative motion for more specific statement as to ground No. 2 of the petition states: "The defendant moves the court to require the plaintiff to set forth with particularity each and every act of omission or commission upon which plaintiff relies and for which she claims defendant was responsible, setting out with particularity all acts done which she claims were negligent or unskillful and all things which the defendant failed to do which she claims were negligent and unskillful."

This count of the petition is based on the doctrine of res ipsa loquitur. So far as the pleadings are concerned, under such rule all that would be necessary would be the general allegation of negligence and injury. The meaning of the phrase is, "The thing speaks for itself," and it applies ordinarily where the circumstances speak for themselves in unexplained points of negligence. In cases such as the one under consideration it is established by this court as the general rule, applied in many cases, that the result of the treatment is not in itself evidence of negligence or want of skill on the part of the physician or surgeon. Hair v. Sorensen, 215 Iowa 1229, 1235, 247 N. W. 651, 653, and cases cited therein, including Berg v. Willett, 212 Iowa 1109, 1111, 232 N. W. 821, 823. See also Thorpe v. Talbott, 197 Iowa 95, 196 N. W. 716, wherein it is held that the failure of a physician to make and maintain a perfect adjustment of a broken limb creates no presumption of negligence. Also it has been determined by this court, as shown by the opinion in Nelson

v. Sandell, 202 Iowa 109, 111, 209 N. W. 440, 443, 46 A. L. R. 1447, that a physician does not impliedly guarantee that his treatment of a patient will be beneficial. The court there said, at page 114 of 202 Iowa, page 443 of 209 N. W.: "it is not the mere failure to effect a cure that determines the practitioner's liability; * * *."

It is evident, and it has often been held in this state, that the mere unsuccessful result of a treatment by a physician cannot, of itself, produce a liability on the part of the practitioner; and it would necessarily follow that the rule of res ipsa loquitur would not apply under such circumstances. It is true, as plaintiff alleges, that res ipsa loquitur is a rule of evidence and not a rule of pleading. Whitmore v. Herrick, 205 Iowa 621, 218 N. W. 334. It is also true that a petition containing a general averment of negligence states a good cause of action, and, if unassailed by motion such as we have in the instant case, plaintiff would be entitled to introduce such evidence of specific acts of negligence as might tend to establish his case. There are cases where the mere pleading and proof of an injury are sufficient to sustain a general allegation of negligence, but these are cases where the common experience of men is such that the result complained of would ordinarily follow. Such was the case in Van Heukelom v. Black Hawk Hotels Corp., 222 Iowa 1033, 270 N. W. 16, where the plaintiff's intestate received injuries causing his death as a result of a fall into an elevator shaft. No other reasonable conclusion than negligence could arise under the facts. And many other cases arise where the effect would reasonably or necessarily have been the result of negligence. In such cases no specific allegation ordinarily would be necessary.

The opinion of the court in the case of Harvey v. Borg, 218 Iowa 1228, 1230, 257 N. W. 190, 192, states the general rule as to the limitations of the doctrine as follows: "*Res ipsa loquitur* has been defined and also applied in divers cases and to a great variety of facts in perhaps all of the states of the Union. It means simply that the facts speak for themselves. To undertake to define its limitations would lead only to confusion and uncertainty. The rule is applied generally when all the instru-

mentalities which might cause an injury arc under the exclusive control and management of the defendant.'' (Citing cases.)

''In other words, *res ipsa loquitur* means that facts of a particular occurrence warrant an inference of negligence; that is, that they furnish circumstantial evidence of negligence when direct evidence may be lacking. It is, therefore, a rule of evidence and is generally so interpreted.'' See cases cited, and 32 C. J., sec. 78, p. 565, wherein it is stated in part that the general rule is that where the thing causing the accident is shown to be under the management of the defendant, and the accident is such that in the ordinary course of events it would not have occurred in the absence of it, it arose from want of due care.

Applying the definitions given, are the facts pleaded in count No. 2 such as, in the common experience of men, would produce the result complained of? We think it is evident, and a matter which is of common knowledge and of which we may take judicial notice, that injuries of the nature here described are not such as would necessarily or reasonably be a result of negligence. In fact, the rule of res ipsa loquitur is seldom applied to cases of malpractice by physicians or surgeons. No physician can be a guarantor of results. The physical condition of the patient, the nature of the injury—many things over which the physician has no control—may enter into the case and affect the result; and this is especially true of an injury to the hip. To hold, therefore, that the mere general allegation contained in count No. 2 would be sufficient pleading in this case would, we think, place a greater burden upon the defendant than he should be required to bear. We are satisfied that he is entitled to specific allegations of negligence, and that he is entitled to be apprized of the nature of the negligence of which the plaintiff claims he is guilty. It is true that this court has held, as to dental practitioners, that a general allegation of negligence is sufficient; but we think the distinction is very clearly made in the case of Whetstine v. Moravec, 228 Iowa 352, 369, 291 N. W. 425, 433. In the opinion by Justice Bliss, which we quote at length, it is said:

''The appellee contends that the rule of res ipsa loquitur

has no application in an action in which a patient seeks to recover damages from a physician, surgeon or dentist, for personal injuries alleged to have been caused by his negligence in serving the patient. One of the reasons given is that such a professional man when employed, broadly speaking, is required to exercise only that degree of knowledge, care, skill, and diligence, ordinarily possessed and exercised by members of his profession, in the same general line of practice, in like communities, under similar circumstances. He does not warrant a cure, nor guarantee the best possible result. And the fact that he attains neither, in any particular case, is not, in itself, ordinarily, evidence of negligence, or want of knowledge, skill or diligence on his part, nor does it afford any presumption thereof. That is the general rule as it has been stated by this court. Piles v. Hughes, 10 Iowa 579, 582; Berg v. Willett, 212 Iowa 1109, 232 N. W. 821; Hair v. Sorensen, 215 Iowa 1229, 247 N. W. 651, and cases cited therein. The rule is based upon sound reasons. As stated by Woodward, J., in McCandless v. McWha, 22 Pa. 261, and quoted by Justice Cole, in Smothers v. Hanks, 34 Iowa 286, 291, 11 Am. Rep. 141: 'He deals not with insensate matter like the stone mason or bricklayer, who choose their materials and adjust them according to mathematical lines, but he has a suffering human being to treat, a nervous system to tranquilize, and a *will* to regulate and control.'

''He takes his patients as they come to him, with all of their physical and mental infirmities, conditions, conduct, and temperamental idiosyncracies, for none of which he is responsible, but which may, and probably will, hinder or defeat the very best professional service. The most capable surgeon may place and retain the parts of the fractured bone in perfect apposition, but a nonunion may result because there may be a deficiency of callus secretion. O'Grady v. Cadwallader, 183 Iowa 178, 186, 166 N. W. 755.

''The rule of res ipsa loquitur does not apply, because one of its essentials is lacking—the physician or surgeon does not have complete and exclusive control over the instrumentality with which he is working.''

We must hold that the motion for more specific statement as to count No. 2 should have been sustained.

III. Plaintiff in argument raises several objections as to the stay of proceedings and the right of appeal in a proceeding of this kind. These objections she also sets out in a motion, which was submitted with the case. The power of this court to grant a stay of proceedings has been too often determined and exercised to make it the subject of controversy. And that the trial court's ruling on defendant's motion for more specific statement presents an appealable order has also been many times determined. Whether or not an appeal from such an order overruling a motion for more specific statement can be taken must necessarily depend upon the motion itself. Cases cited by plaintiff do not support her contention. Her position is that "an appeal does not lie from the ruling upon a motion for more specific statement when the ruling does not deprive the appellant of a right which cannot be protected by appeal from judgment and then only in or as a part of an appeal from such judgment." But we think in this case defendant would be deprived of a substantial right, and that if he waited until final appeal from judgment he would be too late. One of our most recent cases, Kirchner v. Dorsey & Dorsey, 226 Iowa 283, 287, 284 N. W. 171, 174, repeats our former holdings that the filing of an answer waived a defect in the motion for more specific statement. The rule is given in section 12823, Code, 1939, subsection 4, that an appeal will lie from "An intermediate order involving the merits or materially affecting the final decision." We think the final decision in this case would be materially affected by not requiring a statement of the specific negligence sought to be charged. See Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 1024, 241 N. W. 436, 440, and cases cited therein; Fay v. Dorow, 224 Iowa 275, 277, 276 N. W. 31, 32, and cases cited.

The ruling of the court as to the demurrer and motion to strike and the motion for more specific statement as to count No. 1 will therefore be sustained, and as to such rulings will be affirmed. The ruling of the court overruling the motion for more

specific statement as to count No. 2 should be and is reversed.—Affirmed in part; reversed in part.

MITCHELL, OLIVER, MILLER, GARFIELD, and WENNERSTRUM, JJ., concur.

BLISS, J., takes no part.