HANSEN, Appellant, v. ISAAK, Respondent

(19 N. W.2d 521.)

(File No. 8693. Opinion filed July 13, 1945.)

**Parliman & Parliman** and **Danforth & Danforth,** all of Sioux Falls, for Appellant.

**Owen C. Donley,** of Elk, for Respondent.

ROBERTS, J. This is an action to recover for injuries sustained by Dorene Hansen, the infant named as plaintiff,

as a result of alleged negligence on the part of the defendant. The appeal is from the judgment entered on a directed verdict for defendant.

It is claimed on the part of the plaintiff that defendant was negligent in the manner of giving a diathermy treatment. Defendant admits that a treatment by means of an electrical apparatus was applied to the back and abdomen of the plaintiff and that she sustained a burn, but denies that the injury was caused by his failure to use reasonable skill and care for the safety of the child.

■ A motion for directed verdict raises a question of the legal sufficiency of the evidence to sustain a verdict against the moving party. It is not the function of the court to weigh the evidence. It is to decide if there is any substantial credible evidence to support a verdict against the moving party, considering the evidence in the light most favorable to the opposite party. Lohr v. Watson, 68 S. D. 298, 2 N. W.2d 6.

■■ The burden was on the plaintiff to prove that an act of omission of the defendant caused the injury and that such act or omission was negligent. Dean v. Seeman, 42 S. D. 577, 176 N. W. 649; Hanson v. Harris, 44 S. D. 457, 184 N. W. 262; Feltman v. Dunn, 52 S. D. 187, 217 N. W. 198. The law requires that a physician shall have the degree of learning and skill ordinarily possessed by physicians of good standing practicing in the same community and negligence of a doctor consists of his failure to conform to the standard of care which the law establishes for members of his profession, that is, the obligation to have and to use the skill and care which members of his profession commonly possess and exercise under similar circumstances. Warwick v. Bliss, 46 S. D. 622, 195 N. W. 501.

The evidence shows that plaintiff's parents and the defendant, a regularly licensed chiropractor, reside in Elk Point. During the morning of April 12, 1942, defendant in response to a call went to the Hansen home and found the plaintiff in a convulsive condition. He gave the child a chiropractic treatment by manipulation. The child recovered from this attack, but in the afternoon had another

convulsion. According to the testimony of the defendant he attempted for an hour a chiropractic manipulation, but was unable to give an effective treatment because of the "the regidity and jerky condition of the muscles of the child's body" and "in order to make a chiropractic manipulation or adjustment more effective" a diathermy treatment was given by means of a short wave machine. One of the padded electrodes was applied to the child's back and the other to its abdomen. Defendant then turned on the electric current into and through the electrodes. We understand from the record that the machine used by defendant is of a type common to both regular physicians and chiropractors. It differs from electric pads and the like. It does not emit heat from elements, but produces heat within the body by resistance offered to passage of short waves between the electrodes placed on opposite sides of the body. The jury might have found that plaintiff received what is termed a third degree burn of her back. There is no serious dispute in the evidence concerning the extent of the injury. The basic issue is the cause of the injury, that is, whether there is in the record a basis for believing that the injury was caused by the negligence of the defendant.

The instrumentality producing the injury in this case was exclusively under the control of the defendant. Counsel for plaintiff contend that the doctrine of res ipsa loquitur was applicable requiring the cause to be submitted to the jury. "The doctrine of res ipsa loquitur may be stated to be that, whenever a thing which has caused an injury is shown to have been under the control and management of the defendant charged with negligence, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of the accident itself is deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care." Barger v. Chelpon, 60 S. D. 66, 243 N. W. 97, 98; Midwest Oil Co. v. City of Aberdeen, 69 S. D., 343, 10 N. W.2d 701. There is much authority applying this doctrine to third degree burns caused by X-ray. 13 A. L. R. 1414; 26 A. L. R. 732; 57 A. L. R. 269; 60 A. L. R. 259. We agree with counsel

that the facts of this case do not distinguish it from cases involving injuries received from use of X-ray, but it is unnecessary to determine whether the doctrine is or is not applicable in this case. The fact, however, that plaintiff was seriously burned is some evidence in itself and may be considered with other facts and circumstances in determining whether or not the injury resulted from negligence. In Berg v. Willett, 212 Iowa 1109, 232 N. W. 821, 823, an action against a physician to recover damages sustained in the giving of an X-ray treatment, the court said: "It is, however, one thing to say that an adverse result is not, in itself, evidence of negligence or want of skill on the part of a physician, and another to combine the result with other facts and circumstances in determining the fact question. We think it is and must be the rule that, while the result alone is not, in itself, evidence of negligence, yet same may nevertheless be considered, together with other facts and circumstances disclosed by the evidence in a given case in determining whether or not such result is attributable to negligence or want of skill." See also Christie v. Callahan, 75 U. S. App. D. C. 133, 124 F.2d 825; Sweeney v. Erving, 35 App. D. C. 57, 43 L. R. A., N. S., 734.

Defendant cites the case of Lohr v. Watson, supra, as authority for our holding that expert testimony is essential to support an action for negligence against a physician. He contends that plaintiff offered no such testimony to establish the standard of care prevailing in the community or to show that defendant was unskilled or negligent. Defendant testified that short wave therapy is a treatment used by chiropractors and that the treatment in question was administered by him in accordance with the prevailing standard of practice in the community; that the ordinary treatment is twelve minutes and in the treatment of the plaintiff the automatic timer on the machine was set for that length of time; that ordinarily he used about three fourths of the output of the machine, but in the instant case he used less than 60 per cent; that during the treatment he stood beside the child and didn't leave her for a second; and that he felt the portion of the body of the child under the pad and other parts of her body to ascertain whether

or not too much heat was accummulating in the body. He further stated: "It felt to me like there was too much heat accumulating in the skin and I went and turned the machine off before it had run for twelve minutes and investigated, and when I took the pad off there wasn't any flesh come off, like you said yesterday, but the skin looked red, like a burn." He admitted that "if the machine is improperly operated it is possible to burn the human body." A physician qualified to express an opinion as an expert testified that if a diathermy treatment is properly applied it will not result in a burn.

■■ There was a direct conflict in the evidence as to whether the standard of care to which defendant testified was followed. The mother of the child testified: "Q. How long did Dr. Isaak keep the short wave apparatus applied to Dorene's back and abdomen? A. I don't know. I would say it must have been twenty minutes anyway." The father testified: "Q. You say he didn't lay his hand on the baby after he started the machine? A. The only place he ever laid his hand was on top of that pad and not under it. Q. You are sure of that? A. The only time he ever put his hand under there was when he took the pad off and she was burned." It is not necessary to discuss the evidence further. The jury could have found that the treatment was not given as defendant testified. The character of the injury in connection with other facts and circumstances and the fair inferences which the jury could draw from them constitute substantial credible evidence and would have sustained a verdict for the plaintiff. See Wemett v. Mount, 134 Or. 305, 292 P. 93; Trindle v. Wheeler, 23 Cal.2d 330, 143 P.2d 932. It was not necessary that negligence be shown by direct and positive testimony to specific acts of negligence during the course of the treatment. It may be inferred from proven facts. Christie v. Callahan, supra.

In view of what has already been said, it is not necessary to pass upon ruling of the trial court on objections to the admission or refusal of evidence.

The judgment appealed from is reversed.

All the Judges concur.