Hast, J.
The record in this case calls for a determination by this court of the correctness of the judgment of the Court of Appeals in dismissing the appeal before it, on the ground that the order of the trial court in sustaining the demurrers to the amended petition is not a final order.
The defendants contend that the traditional interpretation of Section 6, Article IY of the Constitution of Ohio, does not make an order sustaining a demurrer a final appealable order. They cite 2 Ohio Jurisprudence (2d), 618, Section 47, which is as follows:
‘ ‘ There is no final order which can be made the basis of an appeal on questions of law, where a cause has proceeded no further than the mere overruling or sustaining of a demurrer to a pleading of one side or the other, since such an order, without more, leaves the action still pending in the lower court. This rule has been applied to an order overruling a demurrer to a petition where the defendant answers or has leave to answer. It has also frequently been held that orders sustaining demurrers to pleadings are not, where dismissal does not ensue, reviewable final orders, such as the sustaining of a demurrer to a petition where the plaintiff may file an amended petition even though leave to amend has not been sought, the sustaining of a demurrer to the answer where the defendant files an amended answer, and the sustaining of a demurrer to a reply, where the plaintiff does not permit judgment to be entered, but files another reply. So long as an amendment is possible in such a case, there is no final order.” See, also, Betz v. Industrial Commission, 139 Ohio St., 624, 41 N. E. (2d), 701; Collins v. Yellow Cab Co., 157 Ohio St., 311, 105 N. E. (2d), 395.
Section 2505.02, Revised Code, defines a final order as follows:
“An order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *.”
The case of Czech Catholic Union v. East End Bldg. & Loan Assn., 140 Ohio St., 465, 45 N. E. (2d), 300, was an action brought by creditor-depositors to enforce superadded liability against the shareholders of the loan association. After the commencement of the action, the Superintendent of Building *80 and Loan Associations found the association to be in an unsafe and unsound financial condition and took charge of it for the purpose of liquidation. Thereupon the superintendent filed an application in the action to be substituted as one of the parties defendant, which application was granted. A demurrer was interposed by the superintendent to the amended and supplemental petition, and a motion was made that such petition be striken from the files. Both the demurrer and the motion were overruled, whereupon an appeal on questions of law was taken to the Court of Appeals. That court entertained the appeal and entered judgment reversing the judgment of the court below and remanding the cause with directions to sustain the demurrer and the motion to strike filed by the superintendent to the amended and supplemental petition, upon the ground that the superintendent had the exclusive right to prosecute such action. The cause was then appealed to this court upon the allowance of a motion to certify the record. This court held that the superintendent had the exclusive right to liquidate the association, and that the action of the court in overruling the superintendent’s demurrer and the motion to strike the petition was a final appealable order.
Judge Zimmerman, in the course of his opinion in that case, said:
“While the general rule is that an order overruling a general demurrer is not a final order permitting appeal, a majority of the court is of the opinion that the order in controversy here did constitute a final order, because in effect it determined that the superintendent, after taking possession of the building and loan association for liquidation under the statutes, was precluded from enforcing the superadded liability against the stockholders. Such order therefore affected ‘a substantial right’ within the purview of Section 12223-2, General Code. In fact, the order amounted to an absolute declaration that the superintendent lacked the authority to maintain an action for the superadded liability as a part of the liquidating process, thereby denying him finally the exercise of that function.”
Under somewhat similar situations in other jurisdictions, where an order of the court affects a substantial right and in effect terminates the action as brought, the courts have held *81 such an order final and appealable. For example, in the case of Peck v. Horst, 173 Kan., 498, 249 P. (2d), 653, an action to cancel a written voting trust and management agreement made between the parties, a ruling sustaining the defendant’s special demurrer to and motion to strike all the allegations of duress in plaintiff’s third ground for relief was held reviewable before final judgment, since the ruling affected a substantial right and would in effect determine the action. See, also, Gebhardt v. McQuillen, 230 Iowa, 181, 297 N. W., 301.
In the instant case, the plaintiffs, through the sustaining of the demurrers to their amended petition, have been deprived of a claimed right to a joint and several judgment upon a state of facts which can not be changed by amendment of the amended petition. So long as the judgment on the demurrers stands, their rights as claimed to a joint and several judgment on facts set out in the amended petition are permanently denied. Where, upon sustaining a general demurrer to a petition, there remain the right and opportunity to amend that petition, the judgment sought is not prevented and there is no final order, hut, where the order sustaining the demurrer prevents the judgment, there is a final appealable order.
This court upon full consideration of the facts presented in the instant case finds that the sustaining of the demurrers to the amended petition is a final order, and that the Court of Appeals erred in dismissing plaintiff’s appeal to that court.
The judgment of the Court of Appeals is reversed and the cause is remanded to that court with directions to consider the cause on the merits as to the joinder of parties defendant and as to joinder of causes of action. In the meantime, this court will not consider the cause on the merits as to joinder of parties and causes of action for the reason that it has no jurisdiction to do so until the Court of Appeals has considered these questions and rendered judgment thereon.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart and Bell, JJ., concur.
Matthias and Taet, JJ., dissent.