Roger LENIUS, Plaintiff and Appellant,

v.

H. I. KING, Defendant and Appellee.

Roger LENIUS, Plaintiff and Appellee,

v.

H. I. KING, Defendant and Appellant.

Nos. 12797, 12798.

Supreme Court of South Dakota.

Argued April 17, 1980.

Decided July 9, 1980.

William E. Coester, Milbank, for Roger Lenius.

Stanley E. Siegel and Harvey C. Jewett of Siegel, Barnett, Schutz, O'Keefe, Jewett & King, Aberdeen, for H. I. King.

FOSHEIM, Justice.

Plaintiff appeals from a judgment n.o.v. in favor of the defendant on a cause of action for legal malpractice. We affirm that judgment. We dismiss the cross-appeal of the defendant.

The plaintiff is a well-driller. He encountered difficulties collecting for two wells which he had guaranteed would produce clear water. Early in 1971 the plaintiff employed the defendant to foreclose his mechanic's liens on these accounts. Accordingly, in February of 1971 the defendant caused a summons and complaint to be served on each of the landowners. In each action defendant served an answer and counterclaim that in essence denied the claim of plaintiff and asked that he be required to refund the down-payment because the well that was drilled was not suitable for the intended household use. Both wells were abandoned. In the fall of 1977, motions for dismissal were served by counsel for the defendant in the actions. This defendant promptly sent a notice of withdrawal to the attorney representing both landowners. Attorney George Rice thereafter represented plaintiff on the motions. The court dismissed both actions, as well as the counterclaims on November 7, 1977, for failure to prosecute. Plaintiff then commenced this action against this defendant for malpractice alleging negligence for failing to bring his case on for trial in a timely manner.

The jury returned a $6,000.00 verdict for plaintiff. The trial court granted the defendant's motion for judgment n.o.v. on the ground that the evidence was insufficient to support the verdict for want of expert testimony that the defendant breached the standard of care required of an attorney in failing to bring the original litigation on for trial. The plaintiff contends that in light of the facts in this case, expert testimony was not necessary to establish a breach of duty.

█ In reviewing a judgment n.o.v., the appellate court examines, but does not weigh, the evidence to determine if it was sufficient to submit the case to a jury,

*Engel v. Stock,* 88 S.D. 579, 225 N.W.2d 872 (1975); *Boyd v. Alquire,* 82 S.D. 684, 153 N.W.2d 192 (1967), and to support a verdict against the defendant considering it in the light most favorable to the plaintiff. *Block v. McVay,* 80 S.D. 469, 126 N.W.2d 808 (1964). If an essential element of proof is missing from the case and a motion for a directed verdict was made drawing the trial court's attention to the deficiency, a judgment notwithstanding the verdict is proper. *State v. Scott,* 84 S.D. 511, 173 N.W.2d 287 (1969), cert. denied, 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970).

█ Instruction No. 22, given by the trial court, reads as follows:

In performing professional services for a client, an attorney has the duty to have that degree of learning and skill ordinarily possessed by attorneys of good standing engaged in the same type of practice in the same or a similar locality.

It is his further duty to see that care and skill ordinarily exercised in like cases by members in good standing of his profession engaged in the same line of practice in the same or similar locality under similar circumstances, and to be diligent in an effort to accomplish the purpose for which he is employed. A failure to perform any such duty is negligence.

You must decide whether the defendant possessed and used the knowledge, skill and care which the law demands of him from the evidence of attorneys who testified as expert witnesses.

While the plaintiff did not object to this instruction when settled, he now challenges its last paragraph. On an appeal from a judgment n.o.v. following a motion for a directed verdict, the correct rule of law rather than the law of the case as established by the trial court's instructions to the jury are applied. *Mid-America Marketing Corp. v. Dakota, Etc.,* 289 N.W.2d 797 (S.D. 1980); *Corey v. Kocer,* 86 S.D. 221, 193 N.W.2d 589 (1972); *Frager v. Tomlinson,* 74 S.D. 607, 57 N.W.2d 618 (1953); *Federal Land Bank of Omaha v. Houck,* 68 S.D. 449, 4 N.W.2d 213 (1942); *Schmidt v. Carpenter,*

27 S.D. 412, 131 N.W. 712 (1911). We do not find this to be a problem, however, since after reviewing the evidence, we are not persuaded that the instruction incorrectly states the law applicable in this case.

The trial court applied the same standard of care required of a lawyer that is settled for the medical profession. *Block v. McVay*, supra; *Hansen v. Isaak*, 70 S.D. 529, 19 N.W.2d 521 (1945); *Lohr v. Watson*, 68 S.D. 298, 2 N.W.2d 6 (1942); *Lundgren v. Minty*, 64 S.D. 217, 266 N.W. 145 (1936); *Bennett v. Murdy*, 61 S.D. 471, 249 N.W. 805 (1933); *Hammer v. Klegger*, 50 S.D. 453, 210 N.W. 667 (1926); *Warwick v. Bliss*, 46 S.D. 622, 195 N.W. 501 (1923).

In a malpractice action the jury decides, from evidence presented at trial by other lawyers called as expert witnesses, whether a lawyer possessed and used the knowledge, skill, and care which the law demands of him. The opinions and testimony of such experts are indispensable in determining questions which are unfamiliar to ordinary witnesses and, within that field, the opinions of lay witnesses are not admissible, *Shearn v. Anderson*, 74 S.D. 41, 48 N.W.2d 821 (1951). A verdict in a malpractice case based on inferences stemming from speculation and conjecture cannot stand. *Lohr v. Watson*, supra. This rule, however, does not exclude the opinions and conclusions of lay witnesses on subjects which are within the common knowledge and comprehension of laymen possessed of ordinary education, experience and opportunities for observation. *Block v. McVay*, supra; *Shearn v. Anderson*, supra.

In *Hughes v. Malone*, 146 Ga.App. 341, 345, 247 S.E.2d 107, 111 (1978), the Court of Appeals of Georgia summarized application of the expert rule to the legal profession:

Hence, except in clear and palpable cases (such as the expiration of a statute of limitation), expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Citations omitted.] The reason for this requirement is simply that a jury cannot rationally apply negligence principles to professional conduct absent evidence of what the competent lawyer would have done under similar circumstances, and the jury may not be permitted to speculate about what the 'professional custom' may be. Expert evidence as to the 'professional custom' is required in malpractice actions against other professionals. [Citations omitted.] Consistence demands a similar standard for attorneys.

We now approach the question as to whether expert testimony was necessary in this case. When plaintiff retained the defendant, he apparently did not inform him that he had guaranteed clear water, nor did he tell Mr. King that the landowners had both abandoned the wells because of sand problems. In negotiations with counsel for such landowners in an attempt to settle the claims, Mr. King learned of the guarantees and that the wells had been abandoned. He advised the plaintiff that in order to prevail, the wells would have to be made to conform with his agreement. Since plaintiff never informed him that the wells had been improved, Mr. King claims that he assumed plaintiff had abandoned the litigation.

It appears that all of the attorneys involved in the original litigation were of the opinion that plaintiff could not have prevailed in those cases. Mr. King testified that, in his opinion, there likely would have been recovery on either or both counterclaims if the cases had gone to trial. Likewise, the attorney for the defendant, in the original action, was of the opinion that they could have recovered on the counterclaims. Mr. Rice, the attorney who testified as an expert for the plaintiff in this case, agreed with that evaluation. It was perhaps for this reason that he was not asked for his opinion as to whether this defendant was negligent in not moving plaintiff's cases for trial.

The trial court, having heard this testimony, concluded that the issue was sufficiently complex so that the applicable standard of care must be established by expert testimony. We agree. *See: Block*

*v. McVay,* supra; and *Lohr v. Watson,* supra. In the absence of that expert testimony, the trial court properly granted the motion for judgment notwithstanding the verdict. This conclusion should not be read as commending the performance of Mr. King.

In view of our disposition of the principal appeal, defendant's cross-appeal from the denial of his motion for a new trial based upon certain evidentiary rulings by the trial court is rendered moot.

Accordingly, the cross-appeal in # 12798 is dismissed; and the judgment in # 12797 is affirmed.

WOLLMAN, C. J., and MORGAN, J., concur.

DUNN and HENDERSON, JJ., dissent.

DUNN, Justice (dissenting).

I dissent.

In considering a judgment n.o.v., this court reviews the evidence in the light most favorable to support the jury verdict. Plaintiff is to receive the benefit of every inference, and each controverted fact must be resolved in favor of the plaintiff.

In order to recover damages in a legal malpractice case, a plaintiff must prove that a duty existed, that there was a breach of that duty, and that the plaintiff sustained damages as a proximate result of such breach of duty.

It is conceded that plaintiff had entrusted two legal actions to the defendant for the purpose of bringing suits; that suits were brought; and that failure of the plaintiff to prosecute the actions over a period of six years resulted in a dismissal of the actions by the circuit court. The court stated in its memorandum opinion:

Applying the general rules to the circumstances in these two cases, this Court must dismiss for failure to prosecute. There is no explanation as to Plaintiff's failure to proceed; six years and thirteen calendar calls have elapsed; and Plaintiff's Attorney, H. I. King, did nothing until the day after Defendant's Motion to Dismiss, at which time he withdrew as counsel.

In addition, counterclaims were filed by the defendants in these actions, and no replies were served or filed by the defendant in the present action for a period of six years, thus leaving the plaintiff vulnerable as to these counterclaims. The fact that the defendants did not take default judgments on their counterclaims in the original actions cannot excuse the defendant here. He had not even taken the rudimentary step of filing replies to protect his client.

There is no conflict in the record as to the duty imposed upon the defendant and his breach of that duty. This leaves only the question of the damages suffered by the plaintiff as a proximate result of this breach of duty. Here there was conflicting evidence as to the possibility of recovery on the original actions, but all of this conflicting testimony was submitted to the jury, and that conflicting testimony was resolved by the jury in favor of the plaintiff when it awarded a verdict of $6,000.

Now the majority holds that expert legal testimony was required to show the "applicable standard of care" required of the defendant before he can be held liable in damages. There was expert legal testimony—first by the learned trial judge who dismissed the cases, stating that there was no explanation as to plaintiff's failure to proceed; that six years and thirteen calendar calls had elapsed and plaintiff's attorney, H. I. King, had done nothing until the day after the defendants' motions to dismiss, at which time he withdrew as counsel, and secondly, there was the testimony of George Rice, an attorney with some twenty-eight years' experience, that defendant's conduct did not live up to the applicable standards of an attorney given a duty to prosecute legal actions.

Finally, it does not take a Philadelphia lawyer to figure out that letting actions lie dormant over six years and thirteen calendar calls until they are dismissed for lack of prosecution is a breach of standards not only in the legal profession but in any walk of life. The jury really needed no expert testimony in that regard.

On the question of damages resulting to plaintiff as a result of the breach, the jury

was only called upon to consider the conflicting testimony as to whether the original actions would have been successful in the first instance if properly prosecuted. This involved questions of whether the wells were drilled according to specifications and the rights and duties of the parties under the drilling contracts. This is nothing more than the jury would have been required to do if sitting in one of the original legal actions. This was a decision on the facts, and such a decision is historically reserved to the jury.

While expert testimony is generally required as to standards of practice and negligence, there is an exception when the matters at issue fall within the area of common knowledge and lay comprehension. *Hill v. Okay Const. Co., Inc.*, 312 Minn. 324, 252 N.W.2d 107 (1977); *House v. Maddox*, 46 Ill.App.3d 68, 4 Ill.Dec. 644, 360 N.E.2d 580 (1977). There was substantial, credible, and understandable evidence in the record to support the jury's verdict. For the trial court to take this verdict away from the plaintiff was error and can only contribute further to the lay person's misunderstanding and suspicions of the Bar.

I would reverse the judgment n.o.v. and reinstate the jury verdict.

I am authorized to state that Justice HENDERSON joins in this dissent.