**Robert L. RANDALL, Plaintiff**

v.

**BANTZ, GOSCH, CREMER, PETERSON AND SOMMERS, Kennith L. GOSCH, Esq. and Ronald A. WAGER, Esq., Defendants.**

No. Civ. 94–1010.

United States District Court,
D. South Dakota,
Northern Division.

May 2, 1995.

Robert L. Randall, Washington, DC, pro se.

Reed Rasmussen, Siegel, Barnett & Schutz, Aberdeen, SD, for defendant.

MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

This legal malpractice action brought by plaintiff pursuant to the federal court's diversity jurisdiction is before the Court for ruling

on cross-motions for summary judgment. Having carefully reviewed the briefs, affidavits, depositions, and documents submitted by the parties, the Court grants defendants' motion for summary judgment, denies plaintiff's motion for summary judgment, grants judgment for defendants on their counterclaim, and denies the parties' requests for sanctions.

Although the factual record is extensively developed, the Court will focus upon certain pertinent facts. The individual defendant attorneys, Kennith Gosch and Ronald Wager, through their Aberdeen, South Dakota law firm, defendant Bantz, Gosch, Cremer, Peterson and Sommers, provided legal representation to plaintiff, a resident of Washington, D.C., during the course of litigation brought in South Dakota state court by Americana Healthcare Center. In that litigation, Americana sought payment for nursing home care provided in Aberdeen to plaintiff's mother, Juanita Randall, from August 1990 until her death in December 1991. The state trial court entered judgment for Americana following a bench trial, and the South Dakota Supreme Court affirmed the judgment. *Americana Healthcare Center v. Randall*, 513 N.W.2d 566 (S.D.1994). Defendants represented plaintiff at the trial level and on appeal.

Plaintiff pro se subsequently filed this action against his South Dakota attorneys. Although plaintiff contended at his deposition that this is not a legal malpractice action, the Court observes that the pro se complaint is captioned, "Complaint for Damages (Legal Malpractice)." Plaintiff alleges in the complaint that he authorized defendants to represent him on the state appeal, and that he directed defendant Wager to raise particular jurisdictional and federal constitutional issues in the appellate brief, in addition to other legal issues suggested by defendants and agreed to by plaintiff. (Complaint ¶ 7.) Plaintiff alleges that he wanted the jurisdictional and constitutional issues raised so that he could preserve the opportunity to file a petition for a writ of certiorari to the United States Supreme Court in the event his state appeal was unsuccessful. Plaintiff alleges that defendants failed to follow his explicit

instructions, and that, but for defendants' conduct, the South Dakota Supreme Court would have ruled in his favor and reversed the trial court judgment.

■ For purposes of their summary judgment motion only, defendants concede that plaintiff's communications to them regarding the state appeal issues were explicit instructions of the client, and not mere suggestions, and that defendants failed to follow the instructions given to them by their client. Even conceding these material factual issues, defendants correctly argue that they are entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ To establish a case of legal malpractice under South Dakota law, plaintiff must prove (1) the existence of an attorney-client relationship giving rise to a duty; (2) that the defendant attorneys, either by act or omission, violated or breached that duty; (3) that the attorneys' breach of duty proximately caused injury to plaintiff; and (4) that plaintiff sustained actual injury, loss, or damage. *See Haberer v. Rice*, 511 N.W.2d 279, 284 (S.D.1994). To sustain the burden of proof on the second element, breach of duty, plaintiff must come forward with expert opinion testimony to establish that the defendant attorneys did not possess and use the knowledge, skill, and care which the law demands of them. *See Lenius v. King*, 294 N.W.2d 912, 914 (S.D.1980). "The opinions and testimony of such experts are indispensable in determining questions which are unfamiliar to ordinary witnesses and, within that field, the opinions of lay witnesses are not admissible[.]" *Id.* (citations omitted). "A verdict in a malpractice case based on inferences stemming from speculation and conjecture cannot stand." *Id.* (citation omitted).

In support of their motion for summary judgment, defendants have provided the affidavit of a constitutional law expert, Jonathan Van Patten, who attests that the federal law arguments plaintiff wished to have asserted in his state appellate brief were "in each instance less persuasive and therefore far

less likely to have succeeded where the stronger arguments [presented by defendants] did not." (Van Patten Aff., attached expert report at 5.) Plaintiff has not produced a contradictory expert opinion. Plaintiff testified at his deposition that he has no intention of retaining an expert to assist in the presentation of his case. (Randall Dep. at 59.) Therefore, plaintiff fails to controvert defendants' summary judgment motion as to the second element of proof. *See* Fed. R.Civ.P. 56(e); *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. Additionally, the Court holds as to the third element of proof that plaintiff fails to produce evidence to create a genuine issue of material fact for trial as to whether, but for defendants' conduct, the state appeal would have turned out differently. Plaintiff himself admitted at his deposition that what the South Dakota Supreme Court might have decided, if faced with different legal issues, would be "pure speculation." (Randall Dep. at 65.) Therefore, defendants are entitled to summary judgment as a matter of law.

The Court determines that defendants are entitled to summary judgment on their counterclaim for legal fees that plaintiff has not paid. Plaintiff admitted at his deposition that defendants performed legal services for him, that defendants are entitled to compensation for their services, and that he has refused to pay the outstanding amount. (Randall Dep. at 132.) Plaintiff has produced absolutely no evidence to create a genuine issue of material fact for trial as to his liability for the payment of attorney's fees to his former counsel. According to defendant Gosch's affidavit, the amount plaintiff owes counterclaimants is $11,079.03; however, defendants have not provided the Court with a current itemized statement showing the balance on plaintiff's account with the firm. Accordingly,

IT IS ORDERED:

(1) that defendants' motion for summary judgment is granted. (Doc. 31.)

(2) that plaintiff's motion for summary judgment is denied. (Doc. 21.)

(3) that defendants are entitled to judgment on their counterclaim for unpaid legal fees of $11,079.03; however, defendants must file with the Court and serve upon plaintiff, no later than Friday, May 12, 1995, a current itemized statement of plaintiff's unpaid attorney's fees and costs, along with authority, if any, for the calculation of interest on the principal balance as well as the calculation and the claimed interest amount. Plaintiff may file and serve any response no later than Friday, May 26, 1995.

(4) that plaintiff's motion for sanctions is denied (Doc. 23), and defendants' request for sanctions is denied. (Doc. 32 at 15.)

(5) that plaintiff's Motion For Procedural Orders Setting a Hearing is denied. (Doc. 22.)

(6) that the Court will enter judgment after the Court determines the amount due to defendants under their counterclaim for attorney's fees and costs.