STATE, Respondent, v STONE, Appellant.

(137 N. W. 606.)

1. **Criminal Law—Evidence—Motion to Strike—Definiteness.**

   A motion to strike out "all testimony," etc., without specify-ing the particular evidence sought to be eliminated, is not sufficiently definite and certain, and the refusal to strike out same is not error.

2. **Intoxicating Liquors—Evidence—Remoteness as Affecting Ma-teriality.**

   In a prosecution for being engaged in selling liquor without license on December 17, 1910, evidence concerning transactions and sales of liquor by defendant or his clerk in December, 1909, was not too remote to be inadmissible.

3. **Criminal Law—Advising Acquittal—Power to Direct Verdict.**

   It is not reversible error for court to refuse to advise ac-

quittal in a criminal action; the court is only authorized to advise; it. cannot direct a verdict. Rev. Code Crim. Proc., Sec. 376. While the court may advise an acquittal, the jury are not bound by the advice. The statute takes from the court the power to determine as matter of law, at close of evidence, that it is insufficient to justify conviction.

4. **Intoxicating Liquors—Engaging in Business—Assistant Registered Pharmacist—Defense.**

It is no defense to a prosecution for being engaged in business of selling intoxicating liquor without license, that accused was at the time a registered assistant pharmacist; an instruction accordingly, is not error; since the only theory on which the pharmacist's certificate could be material would be to lay foundation for claim that the offense came under Sec. 2860, Pol. Code, as amended by Laws 1907, chap. 176, which applies only to sales by registered pharmacists.

(Opinion filed October 1, 1912.)

Appeal from Circuit Court, Hamlin County. Hon. C. X. Seward, Judge.

Uno Stone was convicted of engaging in the business of selling intoxicating liquor without a license, and he appeals. Affirmed.

*W. N. Skinner*, for Appellant.

Under the relations existing between this defendant and C. F. Hage as shown by the evidence produced at the trial of this action and which is undisputed, the said C. F. Hage could not be convicted of any violation of the law as charged in the information filed against this defendant, for the reason that he was a registered pharmacist, as admitted by the state, owning and conducting a pharmacy, and had therein a stock of drugs of the value of more than six hundred dollars over and above the stock of intoxicating liquors and the fixtures. Sec. 2860 Pol. Code.

Even were we to concede that the defendant was liable for the acts of C. F. Hage, we would find that it has been held by this Court in the case of the State against Dunning and others, 14 S. D. 317, that defendants who were not registered pharmacists and not guilty of a second offense could not be convicted of selling intoxicating liquors at retail without a license under Secton 2838 of the Pol. Code.

The state failed to show by any testimony introduced at the trial that any sales of intoxicating liquors had been made by this °

defendant or any person in any manner connected with the business owned by him individually or in partnership with Mr. C. F. Hage, for more than six weeks prior to December 17th, 1910, the date elected by the state as the one on which the offense was committed, therefore there is no evidence in any wise tending to show that the defendant was guilty of the offense charged in the information, and the only sales made by the defendant which the state attempted to show as being made by him was at a time about one year before and no intervening ones, therefore no continuous engaging in the business, and the jury was not warranted in finding the defendant guilty of the offense charged in the information, on December 17th, 1910, on the evidence introduced by the state at the trial of this action.

Admitting, for the sake of argument, that the said C. F. Hage was the clerk of the defendant, he was a registered pharmacist and the defendant was an assistant registered pharmacist owning the drug stone. Sec. 274 Pol. Code.

The foregoing section seems to make a distinction between the owner of and the manager of a drug store or pharmacy. An assistant registered pharmacist may take charge of a drug store or pharmacy during the temporary absence of the owner or manager. The manager of a business is not necessarily the owner thereof. Ordinarily the word "manager" means one who has the conduct or direction of anything as the manager of a theatre, of a lottery, of a ball, etc. * * * It is often applied to an officer of a corporation chosen to superintend its affairs. Words & Phrases Vol. V, 4319.

No one would seriously question the right of any person to become the owner of a stock of drugs or of a drug store. Certainly then an assistant registered pharmacist could become such owner, and could employ a manager, and take charge of the drug store under his supervision and in his presence, and could compound medicines and sell poisons, and during the temporary absence of the manager, perform such duties as might be performed by the manager were he present; and under the law would have the right, in such cases, to sell intoxicating liquors for medicinal, mechanical, scientific and sacramental pur-

poses as set out in Section 2860 of the Political Code, the manager of the pharmacy, being a registered pharmacist, would undoubtedly have the right to sell intoxicating liquors under the provisions of this section. Black on Intoxicating Liquors, Section 213.

We believe the word "and" in this section (2860) should be construed "or" to give the proper meaning to the statute originally intended by the legislature.

"The words 'and' and 'or' when used in a statute are convertible as the sense may require. A substitution of one for the other is frequently resorted to in the interpretation of a statute, when the evident intention of the law maker requires it." Words & Phrases Vol. 1, page 388. Citing People v. Rice, 23 N. E. 846, 847, 138 N. Y. 151; Eisfield v. Kenworth, 50 Ia. 380, 391; Collins Granite Co. v. Devereaux, 72 N. E. (Me.) 442, 425; Williams v. Poor, 21 N. W. 753, 755, 65 Ia. 510; Price v. Forrest, 35 Atl. 1075, 1080, 64 N. J. Eq. 669; Words & Phrases Vol. 1, page 388, citing Seaton v. Grimm, 81 N. W. 225, 226, 10 Ia. 145; Words & Phrases Vol 1, page 389, citing Streetor v. People, 69 Ill. 595, 597.

The defendant claims that the court erred in refusing to strike from the record, the testimony of Peter Person, one of the witnesses for the state, on the ground that the evidence was incompetent, irrelevant, and immaterial and not showing that there was any sale of intoxicating liquors, or any engaging the business by the defendant, his agent or employe, and it is too remote in point of time and does not tend to prove the offense charged in the information.

This evidence was prejudicial to the rights of the defendant and should have been striken out by the lower court. Being evidence tending to show the commission of a former similar offense, we think the weight of authority is strongly against its admission. Underhill on Criminal Evidence, Section 87.

The court erred in denying defendant's motion to strike from the record all testimony as to sales of intoxicating liquor made by the defendant in December, 1909; for the reason that they were irrelevant, incompetent and immaterial and that they did not tend to show the guilt of the defendant, and no continuous business.

The court erred in refusing to advise the jury to return a verdict of "not guilty" at the close of the state's testimony, on motion of the defendant.

If engaging in the business on any one day is a separate and complete offense, there is no evidence whatever on which to find the defendant guilty of the offense charged in the information, on December 17, 1910, and the state having given evidence of sales on different days it was proper that they should elect the date upon which they would rely for the conviction of this defendant. Therefore, the court erred in not advising the jury to acquit the defendant of the offense as charged.

That part of the trial court's instruction, set out in error number seventeen of the assignment of errors, was misleading to the jury and was erroneous for the following reasons.

(1) That the instructions misstated the law in that portion in which the court stated it was not necessary that any sales were made on December 17, 1910, but if the jury believed from all the evidence of the transaction, or matters before or after that date that the defendant was at said time engaged in the business, then it was their duty to find him guilty of the offense charged.

We think that it was necessary to show that the defendant was on December 17, 1910, engaged in the business of selling intoxicating liquors before he could be convicted of an offense committed on that date. Section 2838 of the Political Code provides that each violation of the provisions of that article on the same day or different days should be a separate and complete offense. We therefore must conclude that if a man was not selling intoxicating liquors on a specified date, he could not be convicted of having committed the offense on that date.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, *M. J. Russell,* State's Attorney, for Respondent.

The defendant was liable for the crime charged in the information as a result of sales of intoxicating liquor either by himself, or by Mr. Hague as his clerk or partner. There is abundance of evidence showing that defendant sold liquor in person. He was

not protected by his certificate as Registered Assistant Pharmacist. Sections 272-4, Pol. Code, define a registered pharmacist and a registered assistant pharmacist. Section 2860, Pol. Code, only makes it lawful for a registered pharmacist to sell intoxicating liquors, and it was clearly not the intention of the Legislature to include registered assistant pharmacists, or it would have expressly mentioned the term "registered assistant pharmacists" also. The words, in Section 274, Pol. Code, "Any registered assistant pharmacist shall have the right to compound medicines or sell poisons under the direct supervision of a registered pharmacist and he may take charge of a drug store or pharmacy during the temporary absence of the owner or manager thereof," as modified by the proviso, "that nothing herein shall be construed as giving such assistant authority to continuously perform any of the duties herein mentioned except under the supervision and in the presence of the manager," cannot be construed so loosely as to authorize this defendant to sell intoxicating liquor without a license, or exercise the right to sell, which was given, strictly to registered pharmacists only, in Section 2860, Pol. Code.

Respondent has incorporated an additional statement of facts in its brief for the purpose of showing that the evidence apparently proved to the jury beyond all reasonable doubt that defendant was *engaged in the business of selling intoxicating liquors,* and not only made personal sales, but also allowed sales to be made by Mr. Hague in his presence, and consented and acquiesced therein.

These errors relate to the refusal of the court to strike out the testimony of Peter Pierson and all evidence of sales by the defendant in December, 1909. We do not consider these assignments reviewable by this court, but in case they are properly before the court we think this evidence was clearly admissible under the information as showing "an engaging in the business" and a continuous business. All such evidence is admissible under the information, if it related to facts occurring any time within the period of limitation. 23 Cyc. 227, 240, 262-3, 269, 276; Black on Intoxicating Liquors, Sections 460, 482; State v. Burchard, 4 S. D. 548, 75 N. W. 491.

This evidence was also admissible for the purpose of showing

what kind of trade the defedant catered to, the large number of persons going to and coming away from his place in an intoxicated condition, the character of his customers, the character of his place of business, and to establish that he was engaged in the business of selling intoxicating liquors.   23 Cyc. 351.

The verdict of not guilty was properly not directed where there was some evidence of "an engaging in the business" on that day. Error cannot be predicated upon the refusal of the court at the close of the state's case to advise the jury to return a verdict of not guilty, as the jury is not bound by such advice.   State v. Albertson, (N. D.) 128 N. W. 1122; Section 376 Criminal Procedure.

The defendant complains of the court's instructions that it was not necessary that any sales were made on December 17, 1910. There is no error in this assignment.   Where the information charges that defendant "engaged in the business of selling intoxicating liquor without a license" as distinguished from the offense of an unlawful sale, there must be some evidence of continuing in the business and a single act or sale is not sufficient to establish this fact.   23 Cyc. 276.

HANEY, J.   The information charges that the defendant was engaged in the business of selling intoxicating liquors, without a license, in Hamlin county, on October 25, 1910.   On the trial it was stipulated that the defendant had no permit to sell during 1910.   On defendant's motion, the state was required to elect, and elected to rely upon December 17, 1910, as the date of the alleged offense.   So the material issue for the jury was whether the defendant was engaged in the alleged business on that date.

[1, 2] The state having rested, the defendant moved to strike from the record "all testimony as to transactions which occurred, and as to sales of intoxicating liquors made, either by the defendant or his clerk, during the month of December, 1909, for the reason that they are incompetent, irrelevant, and immaterial, and being a little less than one year prior to the time charged in the information that the defendant was guilty of the offense; for the reason, further, that there is no evidence tending to show that there was any continuing business from said December, 1909, up to the

time alleged in the information, and also the time elected by the state, which was December 17, 1910." This motion was properly overruled. It was not sufficiently definite and certain as to the testimony sought to be excluded; nor was any transaction disclosed by the evidence too remote to be admissible.

[3] Reversible errors cannot be predicated upon the refusal of the court to advise an acquittal. In a criminal action in this state, the court is only authorized to *advise;* it cannot *direct* a verdict. Rev. Code Crim. Pro. § 376. The following conclusions of the Supreme Court of California as to the effect of the statute meet with our approval: "It must be borne in mind that the court has no such power to control the action of the jury as in civil cases; for in criminal cases the court cannot direct, but only 'advise,' an acquittal. We cannot say, therefore, that defendants were prejudiced by the refusal so to advise, since the jury might, notwithstanding the advice, have found the defendants guilty; and, if so, the verdict could not be set aside, upon the ground that the jury had disobeyed or disregarded the instruction of the court, but only upon motion for a new trial upon the ground that the verdict was not sustained by the evidence. The obvious effect of this provision of the Penal Code is to take from the court the power to determine, as a matter of law, at the close of the evidence for the prosecution, that the evidence is insufficient to justify a conviction." People v. Daniels, 105 Cal. 262, 38 Pac. 720.

The remaining assignments of error relate to the instructions and sufficiency of the evidence. It is undisputed that the defendant was connected with the drug business conducted in Hamlin county from March, 1909, to the time of the trial. The state's evidence tended to prove sales of intoxicating liquors by the defendant, or with his knowledge and consent, in October and December, 1909, in September, October, and November, 1910, and on several occasions subsequent to December 17, 1910, the date of the alleged offense relied upon by the state. It also tended to prove delivery to defendant by the railroad company of unusual quantities of intoxicating liquors at different times preceding such date. The defendant testified that he was an assistant registered

pharmacist from 1908 to about January 19, 1911, when he received a registered pharmacist's certificate; that one Hage, a registered pharmacist, who, together with the defendant gave personal attention to the business conducted at the place of the alleged crime, was in partnership with the defendant from March to November, 1910; that the liquors received from the railroad company were all used in compounding drugs and medicines; and that he "did not remember" having made any of the sales described by the witnesses for the state.

[4] The court, in effect, charged that it was not material whether any sales occurred on December 17, 1910, the date relied upon; that the real issue was whether, on that date, the defendant was engaged in a business consisting, in whole or in part, of the sale of intoxicating liquors; that it was no defense if he was at that time a registered assistant pharmacist; and that the fact that Hage was a registered pharmacist was immaterial, unless he was a bona fide owner of an inerest in the drug business. The last proposition was more favorable to the defendant than was justified by the evidence, for the reason that the defendant's own testimony showed that Hage had no interest in or connection with the business on the date of the alleged offense. Hence the only questions requiring attention are whether it was necessary for the state to prove sales on the precise date relied upon, and whether the defendant's assistant pharmacist's certificate constituted any defense if he was engaged in the alleged business on that date. "The gist of the offense is the engaging in the business without the required license." State v. Williams, 11 S. D. 64, 75 N. W. 815. The elements of the crime are: (1) The procurement or possession of intoxicating liquors with intent to sell the same, and (2) the carrying out of such intent by one or more sales. One does not cease to be engaged in his chosen business by reason of his omission to make sales on one or more days of each month. It was therefore wholly immaterial whether any sales occurred on the precise day relied upon. The defendant was engaged in the alleged business on that date if he continued in possession of intoxicating liquors, and was ready and willing to sell the same whenever a purchaser appeared.

The effect of the defendant's certificate as an assistant registered pharmacist was not misapprehended by the learned trial court. The only theory upon which it could be considered material would be that the unlawful sales by reason thereof constituted an offense under section 2860 of the Political Code, as amended by chapter 176 of the Laws of 1907, a different offense from that charged in this action; such theory being untenable, for the reason that section 2860 by its terms applies only to registered pharmacists.

The evidence was amply sufficient to justify the jury in finding the defendant was in possession of intoxicating liquors with intent to sell the same at retail; that he was engaged in the alleged unlawful business on December 17, 1910, the date relied upon by the state.

The judgment of the circuit court if affirmed.