STATE, Respondent, v. KIRBY, Appellant.

(148 N. W. 533.)

1. **Criminal Law—Motion for Directed Verdict—Failure of Proof—Specification of Grounds.**

    A motion to direct an acquittal on ground that facts proven do not constitute an offense, is properly denied, where no specification of grounds of failure of proof are made.

2. **Same—Sufficiency of Evidence—Appeal—Review—Motion for Acquittal.**

    The sufficiency of evidence to sustain conviction will not be reviewed, in absence of motion for new trial, where motion to direct an acquittal does not specify wherein there is failure of proof.

3. **Same—Motion in Arrest of Judgment—Question of Sufficiency of Evidence.**

    A motion in arrest of judgment, under Code Crim. Proc., Sec. 432, does not raise question of sufficiency of evidence to sustain conviction.

**4.   Game—Criminal Prosecution—Complaint, Sufficiency of—Negativing Proviso.**

A complaint, charging the offense of hunting game birds without a license, in violation of Laws 1909, Ch. 240, Sec. 30, punishing the hunting of game birds without a license, provided that any person may hunt on his own land without a license during the open season, is good, although it does not negative ownership in accused of the land whereon he hunted.

**5.   Constitutional Law—Statute—Title, Sufficiency of—Game Law.**

The title of Laws 1909, Ch. 240, entitled "An act for the preservation, propagation, protection, taking, use, and transportation of game and fish and establishing the office of state game warden and defining his duties," embraces only one subject, within Const., Art. 3, Sec. 21, and the title is broad enough to authorize provisions in the body of the act for appointment by state game warden of county game wardens, and for a license fee.

**6.   Game—Statutory Protection—License Fees—"Tax"—Police Power.**

The purpose of Laws 1909, Ch. 240, providing for preservation and taking of game and fish, is the protection and preservation of game and fish for the people, and it is within the police power, and the license fee imposed is not a tax, within the Constitution.

**7.   Same—Statutory Protection—License Fee—Revenue Measure.**

Laws 1909, Ch. 240, providing for protection and taking of game and fish, and imposing a license fee, for residents, of $1 annually, one half of which to be remitted to state treasurer, to credit of state game fund, the other half to be deposited to credit of county game fund, to be used to enforce the game laws, is not a revenue measure, nor does the fact that all of the license fee may not be required to meet expense of procuring and issuing the license constitute the excess a matter of revenue, but the excess is usable in enforcing the law.

**8.   Constitutional Law—Statute—Invalidity—Appropriation Bill—Right to Question.**

One charged with hunting without a license, in violation of Laws 1909, Ch. 240, may not question validity of the provision appropriating money; on the ground that a two-thirds legislative vote was necessary to pass the bill, because constituting an appropriation bill; since, if the appropriation features were invalid, that would not affect the remainder of the act.

**9.   Constitutional Law—Statute—Invalidity—Right to Question.**

One charged with hunting without a license, in violation of Laws 1909, Ch. 240, may not attack the validity of the act because it discriminates against non-residents, in absence of showing that he is a non-resident.

**10.  Statutes—Game Laws—Invalidity in Part—Effect as to Residents.**

The provisions of Laws 1909, Ch. 240, concerning preservation and taking of game and fish, and providing for an annual license tax, are severable, so far as they relate to non-residents and to residents, and if the provisions relating to non-residents are invalid because discriminatory against them, they do not invalidate those limited to residents, and which are in harmony with the Constitution.

Smith, P. J., and McCoy, J., not sitting.

(Opinion filed July 13, 1914.  Rehearing pending.)

Appeal from Circuit Court, Hamlin County.  Hon. CARL G. SHERWOOD, Judge.

The defendant, Joe Kirby, was convicted of the offense of hunting game birds without a license, and he appeals.  Affirmed.

*Joe Kirby,* Appellant, in pro. per.

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, and *M. S. Liebenstein,* Special State's Attorney, for Respondent.

(4) Under point four of the opinion, Appellant cited:

1 Bish. New Cr. Proc., Secs. 636-642; State v. Turnbull, 6 Atl. (Me.) 1; Burke v. State, 52 Ind. 522; Comm. v. Maxwell, 2 Pick. (Mass.) 139; Hirn v. State, 1 Ohio St. 15-23; Gee Wo v. State, 54 N. W. (Nebr.) 513; State v. Trefethern, 8 Atl. (Me.) 547; Jansen v. State, 19 N. W. (Wis.) 372; People v. Telford, 23 N. W. (Mich.) 213; State v. Narrows Island Club, 5 S. E. (N. C.) 411.

Respondent cited:

Kitchens vs. State, 116 Ga. 847, 43 S. E. 256; State v. Norton, 45 Vt. 258; State v. Smith, 61 Vt. 345, 17 Atl. 492; State v. Bevins, 70 Vt. 574, 41 Atl.; Poole v. People, 24 Colo. 510, 52 Pac. 1025; 22 Cyc. 346, 344; Comm. v. Jennings, 121 Mass. 47.

(5) Under point five of the opinion, Appellant cited:

Sec. 21, Art. 3, Const.; Sec. 17, Art. 3, Constitution; Bekker v. Ry. Co., 132 N. W. 800.

Respondent cited:

Morrow v. Wipf, 22 S. D. 155.

(6) Under point six of the opinion, Appellant cited:

Sec. 17, Art. 6, Const.; Secs. 2, 8 and 9, Art. 11, Const.; Sec. 2, Art. 12, Const.; Pittsburg, etc., Ry. Co. v. Ohio, 16 L. R.

A. 380; Sioux Falls v. Kirby, 6 S. D. 63; Mays v. Cincinnati, 1 O. St. 269.

Respondent cited:

State v. McPherson, 30 S. D. 571, 139 N. W. 368; Met. Ins. Co. v. Basford (S. D.), 139 N. W. 795; State v. Shaw, 22 Ore. 287, 29 Pac. 1028; State v. Stunkle, 41 Kan. 456; Bobel v. Peo. (Ill.), 64 Am. St. Rep. 64-107; State v. Weber, 205 Mo. 36, 12 Ann. Cas. 382; McMahon v. State (Neb.), 97 N. W. 1035; People v. O'Neil, 71 Mich. 325, 39 N. W. 1; Com. v. Rothermel, 27 Pa. Super. Ct. 648; State v. Rodman, 58 Minn. 393, 59 N. W. 1098; Freund Police Power, Secs. 37, 419 and 422; 10 Cyc. 1006; Tiedeman Police Power, 440.

(9) Under point nine of the opinion, Respondent cited:

State v. Mitchell, 3 S. D. 228, 52 N. W. 1052; State v. Becker, 3 S. D. 29, 51 N. W. 1018; Pugh v. Pugh, 25 S. D. 14.

GATES, J. Defendant was convicted in the Circuit Court, upon appeal from a conviction in Justice Court, of the offense of hunting game birds without having procured a license. He was adjudged to pay a fine of $25.00 and costs. From this judgment he appeals to this Court.

[1-3] At the conclusion of the trial defendant's counsel asked the court to advise the jury to acquit the defendant because the facts proven did not constitute an offense. No grounds were specified wherein there had been a failure of proof. Because of the denial of such motion, and in the absence of a motion for a new trial, defendant asks us to review the sufficiency of the evidence to sustain the verdict. This we can not do. The motion to advise the verdict was properly denied because of the absence of such specifications. Davis v. C. & J. Michel Br. Co., 31 S. D. 284, 140 N. W. 694. Therefore, owing to the absence of a motion for a new trial, the question of the sufficiency of the evidence to sustain the verdict is not before us. Nor did the motion in arrest of judgment raise that question. C. Cr. P. §432.

[4] Defendant next attacks the sufficiency of the complaint. He claims that it was defective in that it did not allege that the land upon which he hunted was not his own land. The portion of the statute, §30 Chap. 240, Laws of 1909, bearing upon this question is as follows:

"Every resident of this state is prohibited from hunting, tak-

ing or killing any game bird or game animal, unless he shall have first procured a license therefor as provided in this act. * * *Provided, however, that any person may hunt upon his own land without a license during the open season."

Defendant cites in support of his contention, Bishop on Crim. Pro. §§636-642 and a long list of authorities, all of which we have examined. The Attorney General urges that inasmuch as by the act hunting without a license is made an offense generally, and applicable to all persons, and that inasmuch as the proviso merely designates a class of persons to whom the general offense does not apply in certain instances only, the complaint need not negative the proviso; that every essential ingredient of the offense is contained in the first sentence of section 30 while the proviso merely prevents it from having universal application; that the terms of the proviso are matters of defense. In support of his view the Attorney General has cited Kitchens v. State, 116 Ga. 847, 43 S. E. 256; State v. Norton, 45 Vt. 258; Hendricks v. Commonwealth, 75 Va. 934; Poole v. People, 24 Colo. 510, 52 Pac. 1025, 65 Amer. St. Rep. 245; Territory v. Scott, 2 Dak. 212, 6 N. W. 435, and decisions from many other states. We are of the opinion that this question was long ago settled for this jurisdiction by the decision in Territory v. Scott, supra. It was not necessary in this case that the complaint negative ownership in defendant of the land whereon he hunted.

[5] Defendant next assails the constitutionality of said law in that it violates Sec. 21 of Art. 3 of the of the constitution of this state which provides that no law shall embrace more than one subject which shall be expressed in its title. The title of the act is:

"An act for the preservation, propagation, protection, taking, use and transportation of game and fish and establishing the office of State Game Warden and defining his duties."

His claim is that this is a revenue act and that nothing of that nature appears in the title; that the act creates county game wardens not mentioned in its title; that nothing in the title suggests that large amounts of money were to be collected therefor and expended according to the "sweet will of the officials benefitted therefrom," or that the provisions of the Penal Code were to be materially increased, or that there was to be a discrimination between residents and non-residents. There might be merit in his

contention if this were in fact a revenue act. Vernor v. Secy. of State, (Mich.), 146 N. W. 338. But as will hereinafter be seen this is not a revenue act. The act did not create the office of county game warden. That office was in existence when the act was passed. It merely transferred the power of appointment from the Governor to the State Game Warden. Moreover, if the words in the title: "and establishing the office of State Game Warden and defining his duties," had been omitted the title would still have been broad enough to authorize the provisions in the act for the appointment of the officers mentioned therein to enforce the act. As to the other claims of defendant in regard to the meagerness of the title of the act, we are of the opinion that under the decisions of this court in State v. Morgan, 2 S. D. 32, 48 N. W. 314; Morrow v. Wipf, 22 S. D. 146, 115 N. W. 1121; State v. McPherson, 30 S. D. 547, 139 N. W. 368; and Met. Cas. Ins. Co. v. Basford, 31 S. D. 149, 139 N. W. 795, such claims are trivial.

[6] Defendant next contends that the license fee is a tax and therefore the act is repugnant to several provisions of our constitution. He says:

"Only those things can be licensed which the legislature may properly deem unfit to be handled promiscuously, and if the only requirement of procuring the so-called license is the payment of a fee, then such license fee is a tax and not a license for regulation."

He further says:

"The right to fish and hunt is as ancient as the desire for liberty in the human breast. It will be noticed that section 43 of the act does not attempt to penalize this ancient right but simply penalizes the failure to pay the tax."

He also claims that the purpose of the act is to extort money for private use in that it provides for offices to be filled and the salaries paid out of the proceeds of such license fees. He entirely loses sight of the proposition that the fundamental purpose of the act is the protection and preservation of game and fish for the people of the present as well as for posterity. That the police power of the state is adequate to accomplish this result cannot be questioned. Freund, Police Power, §§419, 422; 19 Cyc. 1006. In

so far, therefore, as the natural right to hunt and fish is abridged, the law is clearly within constitutional limits.

[7] The license fee for residents of the state is $1.00 annually. By the provisions of section 30,

"One-half of all such license money collected shall be remitted to the State Treasurer on or before the first day of the succeeding month, who shall credit the same to the state game fund and one-half shall be deposited by the treasurer to the credit of the county game fund, *to be used for the purpose of enforcing the provisions of the game laws of the State.*"

The act, then, cannot be construed as a revenue measure. The express purpose for which the license money may be used is for the enforcement of the game law. Nothing appears, either from the size of the license fee, nor from the amounts apportioned to the state and county respectively, nor from circumstances shown in the record, or of which we may take judicial notice, that the securing of state or county revenue was a purpose which actuated the legislature in passing the act. The contrary expressly appears. That all of the license fee may not be required to meet the expense of procuring and issuing the license does not constitute the excess a matter of revenue. Such excess is to be used in enforcing the provisions of the game law and that purpose is a lawful purpose. In re Hoffert, 34 S. D. 271, 148 N. W. 20.

[8] Objection is also made to the act because it contains an appropriation of money, and because appropriation bills require a two-thirds vote of the members of each branch of the legislature. Appellant claims in his brief, but upon the trial offered no evidence to prove, that this act was passed by a mere majority vote. Suffice it to say that if his claim were true, defendant, in his capacity as a law-breaker, is not concerned with those questions. Their determination is no necessary part of this case, because even if the appropriation features were invalid, that would not affect the remainder of the act.

[9] Objection is made that the act discriminates against non-residents of the state. The annual license fee for residents of the state for hunting game animals and game birds is one dollar and no fee is required for the privilege of fishing. Nonresidents are required to pay an annual fee of fifteen dollars for hunting game birds, twenty-five dollars for hunting game animals, and two

dollars for fishing. Defendant has not shown himself injured by such discrimination. He has not shown himself to be a non-resident of the state. He cannot, therefore, raise the question of discrimination against non-residents. State v. Becker, 3 S. D. 29, 51 N. W. 1018; State v. Mitchell, 3 S. D. 223, 52 N. W. 1052.

[10] If there be any merit in defendant's contention, such matters are severable from the provisions of the act which are in harmony with the constitution of the state. Therefore, it is of no consequence for the purposes of this case whether there is an unlawful discrimination against non-residents of the state. Pugh v. Pugh, 25 S. D. 7, 124 N. W. 959, 32 L. R. A. (N. S.) 954.

The judgment appealed from is affirmed.

SMITH, P. J., and McCOY, J., not sitting.