STATE, Respondent v. THOMAS, Appellant

(105 N.W.2d 549)

(File No. 9829. Opinion filed November 2, 1960)

George W. Wuest, of Danforth, Bleeker & Carlson, Mitchell, for Defendant and Appellant.

Parnell J. Donohue, Atty. Gen., Marshall M. Gerken, Asst. Atty. Gen., LeRoy S. Lassegard, State's Atty. of Davison County, Mitchell, for Plaintiff and Respondent.

RENTTO, J. In this proceeding the jury returned its verdict finding defendant guilty of robbery in the first degree. He was sentenced to serve 15 years in the penitentiary and pay a fine of $350. From that judgment he appeals.

Shortly after closing time on the night of February 9, 1959 two gunmen masked with nylon hose pulled over their heads robbed the Randall store in Mitchell, South Dakota, of about $3,000 in cash and checks. While the masks obliterated their facial features to some extent, it was observed that the smaller of them had a small mustache and spoke with an accent. He did most of the talking. The other was larger and had a prominent nose. On February 10th, a complaint was filed in municipal court charging defendant and his confederate, Ed Hurley, with the commission of the offense. On February 11th defendant was arrested in Jordan, Montana, and returned to South Dakota for trial.

Apparently Hurley had not been apprehended when defendant was tried.

The complaint on which the preliminary hearing was had on February 19th and on which he was bound over for trial, charged that the defendant and Hurley conjointly committed the robbery in question. The information on which he was tried in the circuit court charged the defendant alone with the commission of the offense and alleged that the store manager was put in fear of some immediate injury to his person. Defendant moved to set aside the information on the ground that he had not had a preliminary hearing on the crime alleged in the amended information. The trial court's failure to sustain this motion is assigned and urged as error.

The crime of robbery is defined in SDC 13.2601 as the wrongful taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear. In SDC 13.2603 robbery is divided into degrees. When accomplished by the use of force or by putting the person robbed in fear of some immediate injury to his person, it is robbery in the first degree. When accomplished in any other manner it is robbery in the second degree. Punishment for robbery in the first degree is imprisonment in the penitentiary for not less than one year or more than twenty years. For robbery in the second degree it is not exceeding seven years or less than one year. SDC 13.2604 provides that when two or more persons conjointly commit a robbery each is punishable by imprisonment for not less than five years nor more than twenty years. These latter sections are statutes of classification and not of definition. Simpson v. State, 40 Okl.Cr. 58, 266 P. 783; Patterson v. State, 78 Okl. Cr. 244, 147 P.2d 179.

In all of these categories the crime involved is robbery. The information need not specify the degree or that it was conjointly committed. The information is sufficient if it follows the language of SDC 13.2601. It is for the jury to determine by its verdict whether the robbery is in

the first degree, in the second degree, or conjoint. SDC 1960 Supp. 34.3671. See also Ex parte Colford, 68 Cal.App. 308, 229 P. 63; People v. Egan, 77 Cal.App.279, 246 P. 337; People v. Tognola, 83 Cal.App. 34, 256 P. 455; People v. Hayes, 118 Cal.App. 341, 5 P.2d 439; and People v. Stratton, 136 Cal.App. 201, 28 P.2d 695. Since it is unnecessary in alleging robbery, the crime here charged, to distinguish between these three categories in the complaint or information, allegations attempting such may be disregarded as surplusage. The complaint on which the preliminary examination was held charged the crime of robbery and this is the crime he was bound over for trial on and charged in the amended information.

■ The next matter urged as error is the denial of defendant's motion to suppress. Certain items of personal property were taken from defendant and out of his car in Montana without a search warrant. By timely motion defendant sought to prevent the use of these by the state as evidence. In defendant's affidavit in support of the motion there is nothing to show that the search was not properly made as incidental to a lawful arrest. State ex rel. Wong You v. District Court of the Thirteenth Judicial District, 106 Mont. 347, 78 P.2d 353. This same contention was again urged by objection to these items in evidence. At that time the sheriff from Montana who had arrested defendant and seized the items of property was testifying as a witness. His testimony, which is not disputed, establishes that the defendant consented to the search of his car by delivering the keys thereto to the sheriff for that purpose. Consequently he may not complain that it was illegal. State ex rel. Muzzy v. Uotila, 71 Mont. 351, 229 P. 724. See also 74 A.L.R. 1437.

Defendant and Hurley were at Club 16 near Mitchell on the night of February 8th. While there they said they were going to stay at the Gwen Motel. The cook at that club observed that Hurley wore shoes with a bar tread that ran crosswise the sole. Hurley was the smaller of these two. He had a small mustache and spoke with an accent. One of the

persons in the store during the robbery noticed this type of shoe on one of the robbers. Her testimony put these shoes on the one without the mustache. On the night of the robbery it was snowing and the investigation of the police, made shortly after the robbers left, revealed footprints in the snow near the store made by shoes with a bar tread crosswise the sole.

■ On the night of February 8th and the morning of February 9th Hurley and a companion whom the witness did not see, stayed at the Gwen Motel. The registration for this accommodation was made by Hurley. They had Unit 8. Their automobile was the one which defendant had in his possession when he was arrested in Montana. In the early morning of February 10th, just a couple of hours after the robbery, the chief of police went to Unit 8 in the Gwen Motel. The bath mat found in that unit bore shoe prints similar to those seen in the snow around the store after the robbery. Defendant objected to its introduction in evidence and argues that there was no sufficient foundation for its admission. We think this contention is without merit. State v. Melhaff, 72 S.D. 17, 29 N.W.2d 78.

The defendant was arrested at the Garfield Hotel in Jordan, Montana. He had room 111. The registration card of the hotel showed that this room had been rented to one Dale Threw for the night of February 10, 1959. At the trial a photo copy of this registration card was offered and received in evidence over the objection of the defendant. Much is said by both parties concerning the admissibility of this exhibit because it is a copy. We think the more basic question is whether, in these circumstances, the original card would have been admissible.

■ There is no evidence as to the manner in which the original card was made or preserved, nor that it is in the handwriting of the defendant. The only circumstance connecting it with the defendant is that it purports to be for room 111, which was the room occupied by him. We think this insufficient authentication to justify its admission in evidence. Accordingly, it was error to admit the copy even

assuming that the requirements justifying the use of a copy in place of the original existed. However, since there is other evidence in the record of the defendant going under an assumed name we do not deem this error prejudicial.

All of the people in the store during the time the gunmen were there, had known the defendant Anderson, when he worked in the bakery run in connection with the store. He had worked there about six months under the name of Robert E. Thomas but had quit some six months before the robbery. However, none of them was able to identify him as one of the gunmen. Consequently, all of the evidence connecting the defendant with the crime is circumstantial. Defendant's remaining contention challenges the sufficiency thereof.

■ ■ The established rule in this state is that to warrant conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with each other and with guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent. State v. Schelske, 64 S.D. 574, 269 N.W. 81; State v. Rasch, 70 S.D. 517, 19 N.W.2d 339. However, the last phrase of this rule does not mean that the evidence must be such as to exclude every possible hypothesis of innocence. Rather, it requires only the exclusion of reasonable hypotheses of innocence. We have examined the record with care including the transcript of evidence and are compelled to the conclusion that under this record and in conformity with the rule announced, the jury could reasonably conclude that the defendant was guilty of robbery in the first degree.

Affirmed.

All the Judges concur.