Roy **WILLIAMSON**, Petitioner,

v.

Donald **R. ERICKSON**, as the duly appointed, qualified and acting Warden of the South Dakota State Penitentiary, Respondent.

No. Civ. 72–4112.

United States District Court,
D. South Dakota, S. D.

Feb. 26, 1973.

Michael Lyons, Sioux Falls, S. D., for petitioner.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for respondent.

### MEMORANDUM DECISION

NICHOL, Chief Judge.

On May 22, 1968, a jury found petitioner, Roy Williamson, guilty of grand larceny and third degree burglary in the Circuit Court of Miner County, State of South Dakota. Post-conviction relief was denied. This adverse decision, combined with his conviction, was appealed to the South Dakota Supreme Court, which affirmed the lower court's holdings. State v. Williamson, 198 N.W.2d 518 (S.D.1972). Williamson, having exhausted his state court remedies, petitions this court citing 28 U.S.C. Sec. 2242 as authority for an application for a writ of habeas corpus contending his federal constitutional rights have been violated. For jurisdictional purposes the petition will be treated as though made under 28 U.S.C. Sec. 2254. The case was submitted to this court only on the state court records and briefs before the South Dakota Supreme Court.

■ Petitioner sets forth five of the eight issues raised before the State Supreme Court as a basis for his claimed relief. I have considered each of these five issues separately and conclude that petitioner's constitutional rights have not been violated and his petition for a writ of habeas corpus must be denied. Under the circumstances, the burden was upon the applicant to establish by convincing evidence that the factual determination by the state court was erroneous. In re Parker, 423 F.2d 1021, 1024 (8th Cir. 1970). This burden was not satisfied.

Petitioner contends that he has been denied due process of law and equal protection of the laws of the State of South Dakota in violation of the Fourteenth Amendment to the United States Constitution, and denied his right to an impartial jury in violation of the Sixth Amendment to the constitution because the state trial court denied his motion for a change of venue[1] which was supported by his attorney's sworn affidavit. In addition, he faults the State of South Dakota for failing to provide an affidavit showing that he could receive a fair trial.

■ Petitioner has failed to show an abuse of discretion in the trial judge's ruling which reaches constitutional proportions. The South Dakota Supreme Court found the attorney's affidavit in support of the change of venue motion "contained conclusions and unsupported assertions of counsel and no facts sufficient to require a change of venue." State v. Williamson, 198 N.W.2d 518, 519 (S.D.1972). The trial judge was

---

1. SDCL 1967, Sec. 23-28-7, provides:

Indictment or information in circuit court—Removal from county limited, application of defendant, place of trial.—A criminal action prosecuted in the circuit court by indictment or information may at any time before the trial is begun, on the application of the defendant, be removed from the county in which it is pending, whether the offense charged be a felony or misdemeanor, whenever it shall appear to the satisfaction of the court, by affidavits or other evidence, that a fair and impartial trial cannot be had in such county; in which case the court may order the defendant to be tried in some near or adjoining county, in any circuit where a fair and impartial trial can be had, but the defendant shall be entitled to a removal of the action but once, and no more.

not persuaded by counsel's claim and in accordance with the statutory power granted him, SDCL 1967, Sec. 23–28–7, denied the motion.

 Ordinarily, the affidavit of the movant's attorney is not a sufficient basis for the change. *See* Ex Parte Lancaster, 206 Ala. 60, 89 So. 721, 18 A.L.R. 706 (1921); McCollum v. Florida, 74 So.2d 74, 47 A.L.R.2d 1218 (Fla. 1954). "Generally, the law presumes that a defendant can get a fair and impartial trial in the county in which the offense was committed." 21 Am.Jur.2d Criminal Law, Sec. 424 (1965). The petitioner, as the moving party, failed to overcome this presumption and it was, therefore, unnecessary for the State to submit any affidavits. *See* Annot., 33 A.L.R.3d 17, 41 (1970).

Williamson's reliance upon Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963), and Groppi v. State of Wisconsin, 400 U.S. 505, 91 S. Ct. 490, 27 L.Ed.2d 571 (1971), is not well founded. In *Rideau* the community from which the jury was drawn had been exposed repeatedly to the spectacle of the defendant personally confessing in detail to the crimes with which he was later charged. A motion picture film, with sound, made of defendant's interview with the Sheriff was broadcast over local television. Williamson has wholly failed to show such a case of gross prejudice as existed in *Rideau.* Nor are we faced with the problem raised in Groppi v. Wisconsin, *supra.* The Supreme Court in *Groppi* was confronted with the constitutionality of a state law that categorically denied a change of venue for a criminal jury trial, regardless of the extent of local prejudice against the defendant, on the sole ground that the charge against him was labeled a misdemeanor, 400 U.S. at 507–508, 91 S.Ct. 490. Williamson has had the opportunity to obtain a change of venue; the trial court justifiably

found that his evidence in support of such a request was inadequate.

The trial court denied the change of venue and the ruling was affirmed by the State Supreme Court. This court has before it the same records upon which that determination was made; thus, absent additional evidence of a constitutional deprivation the trial court was in a better position to know the local sentiment and to rule on the motion. Mayo v. Blackburn, 250 F.2d 645, (5th Cir. 1957).

 Petitioner's second assertion is that the foregoing claimed denial of due process and equal protection of the law was compounded by seating juror Gehring, in violation of SDCL 1967, Sec. 15–14–6(2),[2] a nephew of the Deputy Sheriff of Miner County. It is the petitioner's theory that the Sheriff is a "party" to this action, as designated in SDCL 1967, Sec. 15–14–6, because he represents the State in this matter, and because he signed the complaint. The petitioner further reasons that because the deputy, by definition, is the Sheriff's substitute, he also is a "party".

The South Dakota Supreme Court found that "(t)he statute did not disqualify the juror." 198 N.W.2d at 519. The Deputy Sheriff in question was a 76-year-old part time employee who received phone calls when the Sheriff was absent. The record shows that the Deputy lacked any first-hand knowledge of this case.

Petitioner's theory is somewhat strained in view of the fact that challenges to individual jurors in a *criminal* proceeding are provided, generally, at SDCL 1967, Secs. 23–43–25 to 23–43–35. Because of these separate provisions petitioner's reliance on SDCL 1967, Sec. 15–14–6, applicable in *civil* proceedings, is statutorily unauthorized. In addition, his contention is without merit in this federal habeas corpus action because he has failed to identify any bias of this

2. SDCL 1967, Sec. 15–14–6(2), states:
 Grounds for injury challenge for cause.—
 Challenges for cause may be taken on one or more of the following grounds:

(1) * * *
(2) Consanguinity or affinity, within the fourth degree, to either party.

juror due to this consanguine relationship. *See* United States v. Gerhart, 275 F.Supp. 443, 466 (S.D.W.Va.1967).

 Thirdly, the seating of juror Miller has not been shown to have been prejudicial to petitioner. Though her lack of frankness with the court, feigning an auditory problem in an effort to be excused from jury duty, is not to be condoned, it nevertheless remains that from her front row seat she was able to, and, as she later testified, did clearly hear the proceedings and performed her duty to the best of her ability. Indeed, this juror was passed for cause by defense counsel. Her participation as a juror did not constitutionally prejudice the petitioner.

Petitioner's fourth issue, the interrupted testimony of F.B.I. agent Berley as to the previous use of a pair of vice-grip pliers, exhibit 15, in a prior burglary was not prejudicial. Petitioner properly raised his objections to this testimony on appeal to the State Supreme Court. His failure to adduce further evidence before this court that this alleged error reached constitutional proportions makes its assertion improper. "(T)he writ of error or appeal is a proper method to raise errors in procedure or in the admission of evidence, and habeas corpus cannot be used as a substitute therefor." Peterson v. Tinsley, 331 F.2d 569 (10th Cir. 1964).

Petitioner's last contention is that he was convicted upon circumstantial evidence insufficient to justify a verdict of guilty by an unprejudiced jury in violation of his Fourteenth Amendment rights. This contention is specious due to the fact that petitioner was convicted under a standard in state court more demanding on the prosecution's proof than that applied in federal courts. The South Dakota standard is illustrated in State v. Scott, 84 S.D. 511, 173 N.W.2d 287, 290 (1969):

> To warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with each other and

with the guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent. State v. Thomas, 1960, 78 S.D. 568, 105 N.W.2d 549; State v. Carlson, 1962, 79 S.D. 411, 112 N.W. 2d 891. However, the last phrase of this rule does not mean that the evidence must be such as to exclude every possible hypothesis of innocence; rather, it requires only the exclusion of reasonable hypothesis of innocence.

However, federal courts consistently hold that a defendant is not entitled to an instruction that circumstantial evidence must exclude every reasonable hypothesis other than guilt, when a proper reasonable doubt instruction is given. United States v. Fryer, 419 F.2d 1346 (8th Cir. 1970), relying upon Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

The petition for an application for federal habeas corpus relief is denied. This memorandum decision shall constitute the findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.