STATE, Respondent v. TOWNSEND, Appellant

(231 N.W.2d 367)

(File No. 11514. Opinion filed July 3, 1975)

Max A. Gors, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Patrick J. Kirby, Mitchell, for defendant and appellant.

DOYLE, Justice.

The defendant was convicted by a jury of driving a vehicle while under the influence of alcoholic liquor, [1] and appeals.

The facts, viewed in the light most favorable to the jury's verdict, show that the defendant left the Salem city bar about 11 o'clock on the night involved. He then stopped at a Salem gasoline station and purchased some beer. The defendant was next seen unconscious behind the wheel of a wrecked car in a cemetery, by a passerby, between 11:00 and 11:30 p.m. When a deputy sheriff arrived at the scene about 11:30, he found the defendant slumped down on the driver's side of the wrecked car.

The deputy sheriff helped defendant out of the unopenable car at which time he smelled alcohol on the defendant's breath. He also noted that defendant was unsteady on his feet; that he weaved and staggered when he walked; and that his speech was slurred. The deputy sheriff testified that he had had considerable on-the-job experience with intoxicated persons, that he believed the defendant was under the influence of alcohol and that defendant's condition was not the result of shock.

Defendant first claims that the evidence was not sufficient to sustain a conviction. Although the defendant presented testimony that the gasoline station attendant smelled no alcohol on defendant's breath and argues now that there is no direct evidence that defendant was operating the car between the station and the cemetery, the record obviously contains facts supporting the jury's verdict.

█ In this case we have a conflict of facts and it is the function of the jury to resolve such conflicts. State v. Weinandt, 1969, 84 S.D. 322, 171 N.W.2d 73.

█ Furthermore, circumstantial evidence—in this case

1.  SDCL 32-23-1: "A person shall not drive or be in actual physical control of any vehicle while:
    (1) There is 0.10 per cent or more by weight of alcohol in his blood;
    (2) Under the influence of an alcoholic beverage;
    (3) Under the influence of any controlled drug or substance to a degree which renders him incapable of safely driving; or
    (4) Under the combined influence of an alcoholic beverage and any controlled drug or substance to a degree which renders him incapable of safely driving."

proving defendant did in fact drive the vehicle—will support a finding of guilt, State v. Williamson, 1972, 86 S.D. 485, 198 N.W.2d 518, if it excludes every reasonable hypothesis of innocence. State v. Scott, 1969, 84 S.D. 511, 173 N.W.2d 287. The only reasonable explanation for defendant's car being in the cemetery is that he drove it there. This, coupled with the direct evidence of the defendant's intoxication, is sufficient to support the jury verdict of guilty.

■ Defendant next contends that the information did not adequately inform him of the crime charged because the statute was not pleaded verbatim. The information charged the defendant did "drive and operate a certain motor vehicle * * * while under the influence of alcoholic liquor * * *." SDCL 32-23-1 states no one shall "drive or be in actual physical control" of a vehicle while under the influence of alcohol. We need only state that an information is sufficient if it charges an offense by its common name. State v. Belt, 1961, 79 S.D. 324, 111 N.W.2d 588; SDCL 23-32-1, 23-32-12(6), 23-32-19, 23-32-20 and 23-1-2. See also, State v. Brown, 1969, 84 S.D. 201, 169 N.W.2d 239; State v. Masteller, 1972, 86 S.D. 514, 198 N.W.2d 503.

■ Defendant next claims that he could not be arrested without a warrant since the crime was a misdemeanor not committed in the presence of the arresting officer. SDCL 23-22-7(1)[2] and 23-22-8[3] are cited as authority. SDCL 32-23-1.1,[4] allowing a warrantless arrest, is applicable in these circumstances.

---

2. SDCL 23-22-7(1): "* * * For a public offense committed or attempted in his presence * * *."

3. SDCL 23-22-8: "A peace officer may also at night, without a warrant, arrest any person whom he has reasonable cause for believing to have committed a felony, and is justified in making the arrest though it afterward appear that the felony had not been committed."

4. SDCL 32-23-1.1: "A law enforcement officer may, without a warrant, arrest a person for a violation of the provisions of § 32-23-1 when he has probable cause to believe that the person to be arrested has been involved in a traffic accident and has violated the provisions of § 32-23-1 and that such violation occurred prior to or immediately following such traffic accident."

Defendant's next argument is that the court's instructions to the jury varied from the information, allowing defendant to be convicted of an offense not charged. The instruction to which defendant objects states that "it shall be unlawful for any person to drive or be in actual physical control of any vehicle while under the influence * * *." The information, on the other hand, charges that defendant "did willfully and unlawfully drive and operate" a motor vehicle in violation of SDCL 32-23-1. The court's first instruction, however, not challenged by defendant, clearly informs the jury that defendant is charged with "driv[ing]" and "operat[ing]" a motor vehicle while under the influence of alcoholic liquor. It says nothing about being in actual physical control. Instructions are to be considered as a whole, and if the instructions, when so read, correctly state the law and inform the jury, they are sufficient. State v. Watkins, 1971, 85 S.D. 573, 187 N.W.2d 265. We hold the instruction conforms to this standard.

Defendant also objects to the court's failure to give the following instruction:

> "Where the prosecution relies upon circumstantial evidence alone, it must be so strong as to exclude every other possible theory than that of guilt."

The requested instruction is an incorrect statement of the law in that only every *reasonable* theory, other than guilt, need be excluded. State v. Scott, supra.

Defendant's last contention is that the court erred in not giving his instructions concerning the meaning of "under the influence of an alcoholic beverage." State v. Masteller, supra, disposed of this contention by noting that the pattern instruction required impairment to be " 'to an appreciable degree,' " which imposed an unnecessary burden on the state. The trial court's instruction here, using as a definition: "which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess," sufficiently states the law.

Affirmed.

All the Justices concur.